**Hattie WASHINGTON, Plaintiff,**

v.

**UNITED STATES of America, United States Post Office, et al., Defendants.**

No. 35049.

United States District Court
N. D. California, S. D.
June 12, 1956.

---

---

Maurice H. Hardeman, San Francisco, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., Robert N. Ensign, Asst. U. S. Atty., San Francisco, Cal., for defendants.

ROCHE, Chief Judge.

Jurisdiction is conferred upon this court by Section 1346 of Title 28 U.S. C.A. Plaintiff slipped and fell sustaining personal injuries. A brief statement of the facts relating to the question of liability follows:

On November 8, 1954 at approximately 5:30 P. M. plaintiff, Hattie Washington, entered the United States substation Post Office located at 1355 7th Street, Oakland, California for the purpose of transacting business. It was stipulated at the trial that this was a rainy day and that it had been raining since approximately 6:00 A. M.

That portion of the premises set aside for use of customers consisted of a single room which had a floor covered by a composition of asphalt linoleum tiling. There was but one means of ingress, through a single wooden door which was kept closed on the date in question, requiring that persons entering should open the same.

The floor had become wet due to the fact that people entering the post office tracked in water on their wet shoes and clothing. As plaintiff entered the premises, after opening the door, she slipped on the wet surface and fell to the floor, suffering certain injuries as a result.

The burden was on the plaintiff to establish negligence on the part of the defendant. The defendant herein owed a duty to plaintiff to exercise reasonable care to keep the premises in a reasonably safe and suitable condition, so that when she entered the post office she would not be unnecessarily or unreasonably exposed to danger. Bennett v. Louisville & N. R. Co., 102 U.S. 577, 26 L.Ed. 235; 45 C.J. 826–828; 65 C.J.S., Negligence, § 45, and cases cited under note 73. Defendant was not an insurer of the safety of such invitee.

The evidence in this case does not indicate how long the film of water, tracked upon the post office floor had been there. Further, the evidence does not show that a dangerous condition existed.

Considering the entire record in this case, the court concludes that plaintiff did not sustain her burden of proving that defendant failed to maintain said floor in a reasonably safe condition, or failed in any of the duties owed by a landowner to a business invitee. Sears, Roebuck & Co. v. Johnson, 10 Cir., 1937, 91 F.2d 332, 333; S. S. Kresge Co. v. Fader, 116 Ohio St. 718, 158 N.E. 174, 175, 58 A.L.R. 132.

In accord with the foregoing, judgment is entered herein upon findings of fact and conclusions of law in favor of defendant, United States of America and against the plaintiff, Hattie Washington. The respective parties to pay their own costs.