**Barry Dean ROGERS, by his Guardian ad Litem, Luther James Rogers, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 8784.**

United States District Court
D. South Carolina,
Florence Division.

April 22, 1967.

C. Weston Houck, H. E. Yarborough, Jr., Florence, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., Wistar D. Stuckey, Asst. U. S. Atty., Columbia, S. C., for defendant.

## OPINION and ORDER

DONALD RUSSELL, District Judge.

This proceeding seeks the recovery of damages for personal injuries under the provisions of the Federal Tort Claims Act. The defendant has moved for judgment on the pleadings or in the alternative for summary judgment. The motion is based upon the record, including certain depositions taken by the parties under discovery proceedings. The defendant contends that such record shows that there is no genuine issue of fact involved and that it is entitled, on the undisputed facts, to judgment in its favor as a matter of law.

The plaintiff, after a period of imprisonment in the Sumter, South Carolina, County Jail awaiting trial, was convicted in Federal Court in Columbia, South Carolina, on a charge of interstate transportation of a stolen automobile, and received a probationary sentence. He was at the time seventeen years of age and resided at Loris, South Carolina, some one hundred miles from Columbia. As a result of the sentence of the Court, the plaintiff was, to quote the language of his complaint, "not confined" and was free to go to his home or elsewhere, subject only to the rules governing his probation. He indicated, however, that he was without means of transportation to his home and the Court accordingly issued its Order directing the Marshal of the Court to "provide the probationer (plaintiff) with transportation, in accordance with 18 U.S.C. § 4283, from Columbia, South Carolina to Loris, South Carolina together with a reasonable amount for subsistence."

At the time the Court issued its Order, all available transportation to Loris had departed for the day. The plaintiff did not, however, wish to spend the night in Columbia, awaiting transportation on the following day to his home. He had left some personal belongings at the Sumter jail and preferred to spend the night in Sumter so that he could reclaim such belongings. The Marshal was using the Sumter jail for the custody of the federal prisoners involved in the criminal term of Court in Session in Columbia. The plaintiff accordingly accompanied the Marshal to Sumter, where the latter was returning several prisoners to the Sumter jail. When the Marshal and the plaintiff arrived at the Sumter

jail, the Marshal instructed his deputy to furnish the plaintiff with a travel voucher for transportation to Loris. Such voucher was delivered to the plaintiff. In addition, the Marshal arranged for the plaintiff to spend the night at the jail, though he was informed that, if he wished, he could spend the night with any friends he might choose in Sumter. Plaintiff stated that he wished to spend the night with one Brabham, whom he had met while he was in jail and who, while plaintiff was imprisoned, acted towards him and some of the other prisoners, in the words of the plaintiff, "like he was our father". Brabham was contacted and came by the jail. The plaintiff accompanied Brabham home. There he was subjected to repeated assaults by Brabham, who, it is alleged, was "mentally and sexually unbalanced, being what is commonly referred to as a sadist". It is for the injuries sustained as a result of such assaults that plaintiff seeks recovery. In fairness to the Marshal, it should be observed that he did not know, either personally or by reputation, Brabham. In fact, both the Marshal and his deputy stated that they did not hear the name of the person with whom the plaintiff expected to spend the night.

■ The theory of plaintiff's cause of action is that, by virtue of the Order issued under Section 4283, 18 U.S.C., the custody and control of the plaintiff was vested in the Marshal for purposes of transporting him to his home in Loris and that the Marshal, while engaged in such transportation, was negligent in transferring such custody and control to Brabham, who the Marshal knew, or in the exercise of proper care, should have known was a "sadist", as a result of which negligence the plaintiff sustained his injuries. Unquestionably, if the plaintiff was, by the Court Order, placed in the legal custody, and subjected to the complete control, of the United States Marshal, he would qualify as a federal prisoner, entitled to recover for injuries sustained through a negligent failure to use due care in connection with his custody, despite the exception contained in Section 2680 of the Federal Tort Claims Act. United States v. Muniz (1963), 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805; Fleishour v. United States, (D.C.Ill.1965) 244 F.Supp. 762, 766, 767; Cohen v. United States (D.C.Ga.1966), 252 F.Supp. 679, 688. The heart of this case is thus the proper construction of Section 4283.

■■ The contention of the plaintiff, in my opinion, is untenable and would give to Section 4283 a meaning and effect never intended by the Congress. When the plaintiff was given a probationary sentence, he was freed from legal custody. He was then at liberty to return to his home or do anything else compatible with the terms of his probation. The Marshal had no control whatsoever over him, and, without control, owed him no responsibility. But, because he was indigent, the Court, as commanded by Section 4283, issued the Order on which the plaintiff plants his rights. That section is similar to Section 4281, which grants the same relief to released federal prisoners. The indigence of the probationer, under the statute, does not subject him to a legal custody to which he would not have been subject absent such indigence. The statute represents, on the contrary, an enlightened and humane attempt to see that, when released, a prisoner or probationer is not stranded, away from home, without means of return. The statute seeks to place him in a like position to one with means. It is, in reality, a gratuity extended to a probationer or a released prisoner by his government. 72 C.J.S. Prisons § 20, p. 879. The duty of the Marshal, under the statute and the Order issued thereunder, was to provide the plaintiff with the means for transportation and subsistence. When he issued the travel voucher and secured over-night accommodation, he discharged his responsibility under the Order. The Order and statute certainly gave to him no right to imprison the plaintiff or to force him to stay either at the Sumter jail or elsewhere. The plaintiff

was not in legal custody. He had the right to choose to spend the night with Brabham; the Marshal had no power to deny him such right. There was no breach of duty by the Marshal under the statute.

■ It is suggested that the minority of the plaintiff imposed some special responsibility upon the Marshal in connection with the Order. It must be remembered, however, that the plaintiff was almost eighteen. This is an age of such maturity that many states have accorded this age group the right of suffrage. It is the age at which the Government asserts the right of conscription for military service at home and abroad. It is the age at which many youths attend college, away from home, free to make their own choice of companionship. Nor is there any intimation that the plaintiff was not a person of normal intelligence and judgment for his age. If he had been such, the Court would probably not have released him on probation. The minority of the plaintiff, under the particular circumstances of this case, did not create a special duty on the part of the Marshal to do more than he did under the statute and Order.

■ The plaintiff contends, also, that when he arrived at the Sumter jail with the Marshal and was provided with quarters there, he was actually locked in. From this, he argues that, in this particular case, the Order and statute were construed as placing plaintiff in the custody of the Marshal. Actually, it is likely that all quarters in the Sumter jail are under lock and key. This is normal in prisons. I can find in this fact, viewed in the light of ordinary experience, nothing to justify the conclusion that the plaintiff was being imprisoned. In any event, the plaintiff knew he was free to go elsewhere, if he chose. Nor did he turn to the expedient of Brabham simply because of his distaste for his quarters at the jail. He testified that even before his trial, he had discussed the possibility of spending the night with Brabham on his way home from his trial, if he secured probation, and apparently he had agreed upon this with Brabham. Moreover, if I should take the plaintiff's view and conclude that the plaintiff was actually made a prisoner and placed in legal custody by the Marshal, such action would not have been under the authority of the Court Order and would have constituted an abuse of process and false imprisonment, for which, by the express provision of Section 2680(h), 28 U.S.C., the defendant is not liable.

The plaintiff's case is an appealing one. The Court feels great sympathy for him. He was unquestionably subjected to a harrowing experience and sustained severe physical and psychological injuries, from which he will long suffer. But sympathy will not support liability. The plaintiff's injuries, regrettable as they are, were not due to any breach of duty by the defendant.

■ The Federal Tort Claims Act was not intended to create liability without fault. Dalehite v. United States (1953) 346 U.S. 15, 44–45, 73 S.Ct. 956, 97 L.Ed. 1427, reh. den. 346 U.S. 841, 74 S.Ct. 13, 98 L.Ed. 362, reh. den. 346 U.S. 880, 74 S.Ct. 117, 98 L.Ed. 386, reh. den. 347 U.S. 924, 74 S.Ct. 511, 98 L.Ed. 1078. By its express terms, it can only be invoked for a "negligent act or omission". Negligence presupposes a breach of duty owed the injured party. As the Court said in South Carolina Electric & Gas Co. v. Utilities Const. Co. (1964) 244 S.C. 79, 88, 135 S.E.2d 613, 617, "Breach of legal duty is essential to negligence". Absent a "failure to perform some duty owed" the injured party, there can be no negligence. As I have already pointed out, there was no breach of duty by the defendant and consequently no liability under the Federal Tort Claims Act.

The motion of the defendant for summary judgment will be granted, and

It is so ordered.