228 So.2d 925 (1969)
Herman B. WATERMAN, Appellant,
v.
Donald W. GRAHAM, Appellee.
No. 69-41.
District Court of Appeal of Florida. Second District.
December 12, 1969.
Rehearing Denied January 8, 1970.
Walter E. Warren, of Warren & Warren, Leesburg, for appellant.
Richmond W. Rucker, of Maguire, Voorhis & Wells, Orlando, for appellee.
McNULTY, Judge.
Herman B. Waterman, plaintiff in this trip and fall negligence action, brings his appeal from the final judgment entered herein upon a directed verdict in favor of appellee, Donald W. Graham. We reverse.
At the time of the accident Waterman was temporarily residing on the premises of *926 Graham; and the crux of the case is whether, at the time of the accident, Waterman was an invitee or a mere licensee. Appellee concedes that the trial judge based the directed verdict on his conclusion that Waterman was a licensee and that therefore, Graham, the owner of the premises, had merely the duty to protect Waterman from wanton negligence or wilful misconduct.[1] If the trial judge was correct, and Waterman was in fact a licensee, then we would agree that from the evidence adduced, and bearing on the circumstances of the accident, a directed verdict was proper. However, considering the evidence bearing on the relationship of the parties, in the light most favorable to the appellee-land-owner as we must do in the present posture of the case, we think that as a matter of law appellant Waterman was an invitee. Consequently, Graham owed Waterman a higher duty than would be owed if the latter were a mere licensee.[2]
Only two witnesses testified at the trial, that is to say, the two parties to the action. It undisputedly appears that Graham was a building contractor living in Altoona, Florida, and Waterman was a carpenter living in Casselberry, Florida, more than fifty miles away. About a week prior to the accident, Graham sought out Waterman and asked Waterman if he would work for him as his carpenter for hourly wages. The job site was a considerable distance from Waterman's residence but fairly close to Graham's. Waterman had been having difficulty with his car and was reluctant to accept the employment because of the resultant transportation problems. Graham admits that because of Waterman's car problems he "invited" Waterman to stay, rent-free during employment, in an apartment in the rear of his home premises so that Waterman could be nearer to the job site. With these living arrangements for Waterman having been agreed to, an employment contract was thereafter entered into. It is further undisputed that on the date of the accident Waterman was on the premises pursuant to the foregoing arrangement, although at the precise hour of the accident he was "off duty."
We think, from the foregoing facts, that Waterman was clearly an invitee. The law of this state was announced by our Supreme Court in McNulty v. Hurley.[3] In that case the court cited with approval, and relied upon, the holding in Cowart v. Meeks[4] in which the Texas court outlined the test to determine whether a person is an invitee or a licensee, saying:
"* * * the general test is whether the injured person, at the time of the injury, had present business relations with the owner of the premises which would render his presence of mutual aid to both, or whether his presence on the premises was for his own convenience, or on business with others than the owner of the premises. In the absence of some relation which inures to the mutual benefit of the two, or to that of the owner, no invitation can be implied, and the injured person must be regarded as a mere licensee."
Here, there can be no question but that Waterman was living on the Graham premises certainly for the mutual benefit of each of the parties if not, indeed, essentially for the convenience of Graham. Graham sought Waterman's employment and induced his acceptance by the offer of temporary residence. In fact, such inducement was the sine qua non to Waterman's acceptance of the employment. While it is true that Waterman was benefitted to the extent that he was employed at satisfactory wages, it is also true that Graham initiated the negotiations *927 between them and was bargaining for Waterman's services, not as a favor to Waterman, but primarily in satisfaction of his own interests. Under the test recognized in McNulty, supra, therefore, Waterman was an invitee. As such, Graham owed him a duty to use ordinary care in keeping the premises in a reasonably safe condition, and to give timely notice of latent or concealed perils which are known to Graham, or which should be known to him by the exercise of reasonable care, but which are not known to Waterman.[5]
In view of the foregoing, the trial court was in error in directing a verdict in favor of appellee, and should have submitted the case to a jury on the issues of negligence and contributory negligence as they relate to the relationship of owner-invitee, together with, of course, the appropriate issues on damages. Accordingly, the judgment appealed from should be, and it is hereby, reversed and remanded for a new trial.
Reversed.
HOBSON, C.J., and MANN, J., concur.
NOTES
[1] See, 23 Fla.Jur., Negl., § 52.
[2] Id., § 45.
[3] (Fla. 1957), 97 So.2d 185. See also, North Broward Hosp. Dist. v. Adams (Fla.App.2d, 1962), 143 So.2d 355.
[4] (1938), 131 Tex. 36, 111 S.W.2d 1105, 1107.
[5] See, n. 2, supra.