508 F.Supp. 565 (1980)
Lois LEWIS and Arnold Lewis, Plaintiffs,
v.
UNITED STATES of America, Defendant,
No. 78-666C(1).
United States District Court, E. D. Missouri, E. D.
December 30, 1980.
*566 James D. Edgar, St. Louis, Mo., for plaintiffs.
Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM
WANGELIN, Chief Judge.
This matter is before the Court for a decision upon the merits following a bench trial held on July 21, 1980. This cause was brought pursuant to 28 U.S.C. § 2671, et seq. (The Federal Tort Claims Act). Plaintiffs seek money damages for injuries sustained because of the negligence of the defendant in contributing to the fall of Lois Lewis off a step next to the wall of Fort Castillo in St. Augustine, Florida.
After consideration of the testimony adduced at trial, the exhibits introduced into evidence, the trial briefs of the parties, and the applicable law, the Court hereby makes and enters the following findings of fact and conclusions of law. Any finding of fact equally applicable as a conclusion of law is hereby adopted as such and conversely, any conclusion of law applicable as a finding of fact is hereby adopted as such.

Findings of Fact
1. Plaintiffs Arnold Lewis and Lois Lewis are husband and wife, and were so at the time the accident occurred.
2. Both plaintiffs visited Castillo de San Marcos National Monument (Fort Castillo) in St. Augustine, Florida, on September 26, 1976, and both plaintiffs paid admission to obtain entry to Fort Castillo.
3. The national monument is owned by the United States and has been operated by the United States Park Service of the Department of the Interior since the 1930's.
4. Plaintiffs entered the Fort at approximately 10:30 a. m. on a bright, sunlit day, and commenced to walk through the park on their own.
5. At approximately 11:00 a. m. plaintiff Lois Lewis stepped onto a gun deck in order to observe the beautiful scenery as well as the shark occupied moat directly below. The gun deck is approximately 26 inches high and there is one step on the front of the gun deck.
6. After scanning the view for a few minutes, the plaintiff Lois Lewis fell off the gun deck, her foot coming off the side of the step as she turned to go back down.
7. There are no rough or irregular places on the steps which could have caused the fall, nor any evidence of precipitation which may have tended to slicken the steps.
8. The plaintiff Lois Lewis fell to the ground and suffered an injury which was later diagnosed as a broken ankle.
9. Charles Robshaw was a park employee who arrived on the scene immediately after the accident and who testified that the plaintiff Lois Lewis made a statement to him immediately after her fall in which she admitted that she stepped backwards off the firing steps.

Conclusions of Law
This Court has jurisdiction over the parties herein and has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b). The Court finds that defendant was not negligent in (1) failing to erect handrails or guardrails on each side of the firing steps; (2) failing to "properly" renovate the Fort; (3) or failing to post signs warning visitors that ascending the firing steps was a dangerous condition.
Because the incident giving rise to plaintiff's cause of action occurred in the State of Florida, the liability of the defendant in this tort action is determined by the substantive law of the State of Florida. 28 U.S.C. § 1346(b). McNally v. Pulitzer Publishing Co., 532 F.2d 69, 78 (8th Cir. 1976). The defendant United States is liable for the harm to the plaintiff if a private party's acts or omissions in similar circumstances would be deemed negligent.
*567 The plaintiff Lois Lewis enjoyed the status of an invitee, Washington v. United States, 141 F.Supp. 793, 794 (N.D.Calif. 1956), and as such the landowner owed a limited duty of care to the plaintiff. Specifically, the defendantlandowner owed a duty to the invitee to "use ordinary care in keeping premises in reasonably safe condition and to give timely notice of latent or concealed perils which are known to the landowner or which should be known to him by the exercise of reasonable care but which are not known to invitee." Waterman v. Graham, 228 So.2d 925, 926 (Fla.1969). Here, the steps themselves were not cracked or chipped, and there is no evidence of any precipitation which might have enhanced any apparent danger.
In addition, it is noted that placing handrails on all gun decks would be totally unnecessary and would clearly compromise the historic nature of the fort, a valid consideration in the question of whether or not such handrails would be appropriate. See Sanchez v. United States, No. 76-1527 (Puerto Rico, March 31, 1978). The absence of handrails when the firing steps were in obvious and in good condition is not in itself an act of negligence by the defendant. Fisher v. Sears, Roebuck & Co., 207 Kan. 493, 485 P.2d 1309 (1970).
Nor was there any evidence that the defendant was negligent in failing to properly renovate the Fort. In fact, the firing steps themselves had been recently resurfaced with modern concrete in order to level them and remove any holes. In addition, a nonskid type agent in the ultra-modern plastic surface minimized any danger of slippage.
Lastly, although there were no sign posts warning visitors of the alleged particular danger in going up onto the firing deck, a pamphlet distributed with every ticket purchased warned of the many inherent dangers such as rough and uneven floors and steep drops which were scattered throughout the Fort.
This warning to be careful, coupled with the solid and sure footing of the steps, the lack of any moisture on the firing platform, the bright clear day which would have helped to highlight the height of the step, and the admission by the plaintiff Lois Lewis that she fell off the firing platform as she stepped backwards leaves this Court with the definite impression that the plaintiff has failed to prove the defendant breached any duty of care owed to plaintiffs. The plaintiffs have failed to meet the burden of persuasion that defendant's acts or omissions were the proximate cause of the injury. The Federal Tort Claims Act was not intended to allow recovery when there has been no showing of fault, Rogers v. United States, 267 F.Supp. 25, 28 (S.C. 1967), rev'd on other grounds, 397 F.2d 12 (4th Cir. 1968). Accordingly, judgment will be entered for the defendant.