**Lois LEWIS and Arnold Lewis, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 81–1226.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1981.

Decided Nov. 18, 1981.

James D. Edgar, St. Louis, Mo., for appellants.

Robert D. Kingsland, U. S. Atty., Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and WOODS,* District Judge.

PER CURIAM.

Appellants, Lois and Arnold Lewis, challenge a judgment entered against them in the district court[1] on a suit brought under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. The issue on appeal is whether the district court erred in entering a judgment for the defendant, the United States, because the court did not correctly apply the law of Florida.[2]

Lois Lewis was injured on September 26, 1976, while she and her husband were visiting the Castillo de San Marcos National Monument (Fort Castillo) in St. Augustine, Florida. During her visit to the fort, Lois Lewis stepped onto a gun deck which was approximately twenty-six inches high with one step on the front side. This gun deck allowed visitors to view the scenery over the wall of the fort, including a shark inhabited moat. After viewing the scenery Lois Lewis turned away from the wall of the fort, stepped off the side of the step as she turned and fell off the gun deck. The fall resulted in a broken ankle.

Appellants first argue that the district court erred because it applied the "open and obvious" doctrine in the manner that it would apply it in a contributory negligence jurisdiction rather than in a comparative negligence jurisdiction like Florida. Essentially, appellants characterize the district court's opinion as turning on a finding that because the hazard was open and obvious, Lois Lewis was contributorily negligent and that negligence barred relief as a matter of law.

We agree with appellants that Florida is a comparative negligence jurisdiction in which the fact that a plaintiff may be contributorily negligent does not necessarily bar relief. *Hoffman v. Jones,* 280 So.2d 431 (Fla.1973). The most recent statement of Florida comparative negligence law on the patent danger defense in a landowner/business invitee situation is *Zambito v. Southland Recreational Enterprises, Inc.,* 383 So.2d 989 (Fla.2d Dist.Ct. App.1980). There the court held that "any defense based on invitee's negligence is no longer a complete bar to recovery in a negligence action, and the doctrine of comparative negligence applies where the [patent danger or open and obvious defense] is raised." *Id.* at 991.

Nevertheless, our review of the district court's opinion in this case fails to reveal any indication that the district court's judgment against the appellants turned on a misapprehension of Florida comparative negligence law or a finding that Lois Lewis was contributorily negligent because the danger was open and obvious. Moreover, even if the trial court may have been mistaken as to Florida negligence law, it is difficult to see how such an error would affect the outcome in this case in light of the fact that the district court specifically found that "the defendant was not negligent" in any manner. *Lewis v. United States,* 508 F.Supp. 565, 566–67 (E.D.Mo. 1980). It would seem beyond cavil that arguments based on comparative negligence are irrelevant where the defendant is found to be *not* negligent.

It must be remembered that findings of fact by the district court must be upheld unless found to be clearly erroneous.

And a finding of fact is only deemed clearly erroneous if it is not supported by

---

\* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

2. In actions brought under the Federal Torts Claim Act the liability of the government is determined in accordance with the law of the place where the act or omission occurred. *See* 28 U.S.C. § 1346(b); *Hungate v. United States,* 626 F.2d 60, 61 (8th Cir. 1980); *Gelley v. Astra Pharmaceutical Prod., Inc.,* 610 F.2d 558, 560 (8th Cir. 1979).

substantial evidence, if it proceeds from an erroneous conception of the applicable law, or if on a consideration of the entire record the appellate court is left with the definite and firm conviction that a mistake has been made. Fed.R.Civ.P. 52(a); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); *School Dist. No. 54 v. Celotex Corp.*, 556 F.2d 883 (8th Cir. 1977), and cases cited therein. *Southern Illinois Stone Co. v. Universal Engineering*, 592 F.2d 446, 451 (8th Cir. 1979). We cannot say that the district court's finding that the defendant was not negligent in this case is clearly erroneous.

Appellants also argue that the district court erred in applying the wrong duty of care on the part of the government under Florida law. Specifically, appellants argue that the government has a higher duty to an invitee than does the ordinary possessor of land, even where the danger is known to the invitee or is obvious.

The district court cited *Waterman v. Graham*, 228 So.2d 925, 926 (Fla. 2nd Dist.Ct.App. 1969) for the rule that a "landowner owed a duty to the invitee to 'use ordinary care in keeping premises in reasonably safe condition and to give timely notice of latent or concealed perils which are known to the landowner or which should be known to him by the exercise of reasonable care but which are not known to invitee.'" *Lewis v. United States, supra*, 508 F.Supp. at 567. Our review of the Florida law indicates that *Waterman* still represents the general rule in Florida as to the duty of care owed by the landowner to the invitee, and that this duty of care is not different just because the landowner is a government entity. *See Pittman v. Volusia County*, 380 So.2d 1192, 1194 (Fla. 5th Dist.Ct.App. 1980). Admittedly, under Florida law the fact that a danger is obvious to the invitee may not necessarily relieve the landowner of a duty of care. *See id.* However, we do not read the district court's decision in the instant case as resting on the obviousness of the danger presented by the gun deck steps. In fact, the court clearly rests its decision,

in direct response to each of plaintiffs' allegations of negligence in its complaint, on findings that the United States was not negligent in "(1) failing to erect handrails or guardrails on each side of the firing steps; (2) failing to 'properly' renovate the Fort; (3) or failing to post signs warning visitors that ascending the firing steps was a dangerous condition." *Lewis v. United States, supra*, 508 F.Supp. at 566.

We have carefully considered the record, including the briefs and the district court memorandum, and conclude that the court's decision is neither clearly erroneous as to its factual determinations nor based on incorrect application of the law to the facts.

Judgment affirmed.