287 So.2d 361 (1973)
Eric GOETZ and A.C. Manufacturing Company, Appellants,
v.
Robert G. BRIALMONT, Appellee.
No. 73-150.
District Court of Appeal of Florida, Third District.
December 21, 1973.
Rehearing Denied January 25, 1974.
*362 Horton & Perse, Patton, Kanner, Nadeau, Segal & Stobs, Miami, for appellants.
Podhurst, Orseck & Parks, Strauss & McCormick, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants seek review of an adverse final judgment awarding $15,900 to plaintiff on a breach of contract action.
Plaintiff and defendants on June 1, 1967 entered into an oral agreement to be performed within one year for the marketing of defendants' boats. Plaintiff was to set up distributorships throughout the southeastern United States. He claimed that defendants represented that gross sales over a year would be about $600,000; that there would be a 5% sales profit over the manufacturing price (which itself contained a $300 per boat built-in profit for the manufacturer); and as compensation plaintiff would receive $15,000 of the 5% sales profit as salary, his expenses, and thereafter the remaining profits would be divided equally. The $300 built-in profit would be paid into the business venture, and a $100 commission placed into the venture for any boat sold locally. Plaintiff characterized the arrangement as a "partnership". During the period from June to November, plaintiff traveled extensively, set up 15 or 16 dealerships, and incurred about $3,400 in expenses. By early November, every boat in stock had been sold and there were pending 25 back orders. Defendants then requested plaintiff to go back on the road again, but he refused and claimed there was no one else to sell to. Defendant Goetz terminated their relationship by letter dated November 20, 1967. Plaintiff had received a total salary of $3,100 from defendants who never reimbursed him for his expenses and refused to show him their books and records to enable plaintiff to prove sales of boats and profits during the period he was in the defendants' employ. Plaintiff then filed suit for breach of an oral contract. A trial by jury was held at which plaintiff was able to show he was owed the sum of $5,805. There was no dispute that defendants continued to do business with the dealerships which plaintiff had established. At the close of plaintiff's case and at the close of all the evidence, defendants made motions for directed verdict which were denied. The jury returned a verdict for plaintiff in the sum of $15,900 and the court entered final judgment thereon. Defendants appealed and allege that there was insufficient evidence to support the jury's verdict.
After a careful review of the record, we find there is sufficient evidence to sustain the findings of the jury which apparently found that there was an oral contract between the parties and, therefore the judgment must be and hereby is affirmed. See 2 Fla.Jur. Appeals § 345 (1963).
Affirmed.