510 So.2d 1204 (1987)
Karen Jo BRADFORD and Jerry Bradford, Her Husband, Appellants,
v.
Howard BERNSTEIN, Appellee.
No. 86-2895.
District Court of Appeal of Florida, Second District.
August 12, 1987.
*1205 Clay B. Rood of Rood & Associates, Tampa, for appellants.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
RYDER, Acting Chief Judge.
Appellants (plaintiffs below) appeal the trial court's order granting appellee's (defendant below) motion for summary judgment. The trial court found "a complete absence of evidence on the issue of causation, insofar as the only testimony or evidence presented herein is evidence on the mere possibility of a causal link and as such this is insufficient as a matter of law."
This is a "slip and fall" case. Appellants, in their complaint, allege that Mrs. Bradford slipped and fell down a flight of stairs while at work. Appellee is the owner of the building in which Mrs. Bradford works, and appellants allege that the unsafe construction of the stairs was the cause of the fall. Appellee answered claiming as an affirmative defense Mrs. Bradford's contributory negligence.
In the course of the pleadings, appellants submitted an affidavit of a general contractor. The affidavit included measurements of the stairs and the contractor's statements that the stairs in question violated the following three requirements of the Southern Standard Building Code: the proportionality formula; the minimum tread requirement; and the uniformity principle. The deposition of Mrs. Bradford was taken and she testified she did not recall the specifics of how the fall occurred. Appellee filed a motion for summary judgment based on the allegation that there was no evidence of negligence. Appellants then filed the affidavit of an architect who stated, after a review of the measurements and drawings of the contractor and pictures of the stairwell, that the violations of the code "more likely than not [were] a proximate cause or a contributing cause of the accident and injuries sustained therein by Karen Jo Bradford on April 5, 1984."
Appellee's counsel took the deposition of appellants' architect, and on direct examination, the architect agreed with counsel for appellee who stated the "measurement discrepancies possibly played a part in the fall." On cross-examination by appellants' counsel, the architect was given a hypothetical situation paralleling the facts alleged in this case and asked, "Do you think it's more likely than not within your professional opinion that these code violations contributed to this fall?" The architect answered:
Okay. In a hypothetical case like this I think the violations very seriously affect the hypothetical. That a person coming down these stairs, given the fact that the tread is narrower than the Code allows and the stair is steeper than the Code allows and the stair is not uniform, you have all the elements for a fall to occur. I wouldn't be surprised if other falls don't occur on that same stair.
Prior to the hearing at which the motion for summary judgment complained of here was granted, a second affidavit of the architect was filed wherein he stated, "It is my professional opinion within a reasonable degree of architectural probability that the code violations was [sic] a proximate cause of Karen Jo Bradford's accident of April 5, 1984." This appeal is from the granting of the motion for summary judgment and the denial of appellants' motion for rehearing.
*1206 For the reasons stated below, we reverse the trial court's order granting summary judgment and remand with instructions that the case proceed to trial. Because we find merit in appellants' first point on appeal, we do not reach the second and third points dealing with the motion for rehearing.
The Supreme Court of Florida has recited certain considerations that should be made in ruling on summary judgment motions:
Summary judgments should be cautiously granted in negligence and malpractice suits. [citation omitted] The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. [citations omitted]
Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985). In an earlier decision, the court stated:
Movant's burden is even more onerous in negligence actions where summary judgment procedures historically have been employed with special care. The necessity for exercise of such caution is emphasized by virtue of this Court's adoption of comparative negligence, Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), and its recent abolition of assumption of risk as an absolute defense, Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977). Unless a movant can show unequivocally that there was no negligence, or that plaintiff's negligence was the sole proximate cause of the injury, courts will not be disposed to granting a summary judgment in his favor.
Wills v. Sears, Roebuck & Co., 351 So.2d 29, 30-31 (Fla. 1977). The trial court may not try or weigh facts in ruling on a motion for summary judgment. Burroughs Corp. v. American Druggists' Insurance Co., 450 So.2d 540, 544 (Fla. 2d DCA 1984).
We reverse because the trial court clearly weighed the evidence as to causation. The statement in his order that "the only testimony or evidence presented herein is evidence on the mere possibility of a causal link" totally discounted the assertions in the architect's two affidavits. Both affidavits characterized the code violations as the proximate cause of the accident.
Appellee argues in his brief that the architect testified in his deposition that the code violations were only "possibly" the cause of the fall and that the subsequent affidavit was an "inconsistent, about-face post-deposition change." Appellee's argument fails on two grounds. First, the second affidavit was entirely consistent with the first affidavit and with the architect's cross-examination during deposition. The only evidence that conflicted with the consistent evidence listed above was the direct examination by appellee's counsel during the architect's deposition. Appellee's counsel couched causation in terms of a "possibility" and the architect merely agreed with him. The architect himself never used the term "possibility" in his affidavits or his deposition testimony. The second reason appellee's argument fails is because the facts and all reasonable inferences therefrom are to be viewed in the nonmovant's favor in ruling on a motion for summary judgment. Certainly, a reasonable inference to draw in this case is that the architect said what he meant to say in two affidavits and when questioned by the party employing him rather than when he was questioned by the adverse party's attorney.
Appellee, as movant, did not show a lack of negligence or that Mrs. Bradford's negligence was the sole proximate cause. Wills. The evidence before the trial court, coupled with the fact that appellee pleaded contributory negligence as an affirmative defense, should have been sufficient to preclude the entry of a summary judgment against appellants. We reverse the order granting summary judgment and remand the case to proceed to trial.
Reversed and remanded.
FRANK, J. and BOARDMAN, EDWARD F., (Ret.), J., concur.