550 So.2d 19 (1989)
Betty S. STANISZESKI and Henry Staniszeski, Her Husband, Individually and Jointly, Appellants,
v.
Ruth WALKER and Estell Walker, Individually and Jointly, Appellees.
No. 89-00145.
District Court of Appeal of Florida, Second District.
July 21, 1989.
Rehearing Denied August 24, 1989.
Irene M. Rodriguez of Hughes & Rardon, P.A., Tampa, for appellants.
William Rutger of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Clearwater, for appellees.
PARKER, Judge.
Betty S. Staniszeski and Henry Staniszeski, appellants, appeal a final summary judgment entered against them and in favor of Ruth Walker and Estell Walker, appellees. We reverse.
Appellants filed a complaint against appellees pursuant to sections 767.01 and 767.04,[1] Florida Statutes (1987) for damages *20 which resulted when a dog owned by appellees knocked down Mrs. Staniszeski causing her to be injured. Mr. Staniszeski's claim is derivative to his wife's claim. Included in appellee's affirmative defenses were contributory negligence and that Mrs. Staniszeski mischievously or carelessly provoked or aggravated appellees' dog.[2]
Appellees filed a motion for summary judgment, stating that Mrs. Staniszeski assumed the risk of her injuries by provoking and aggravating the dog. Mrs. Staniszeski filed an affidavit in opposition to the motion for summary judgment stating that Ruth Walker, her employer, ordered her to put a collar on the dog; she attempted to hold the dog steady and the dog bucked its head, causing her to fall and be injured. Mrs. Staniszeski's affidavit further stated that she did not provoke or aggravate the dog nor did she assume the risk of being injured. The trial judge granted the motion for summary judgment and entered an order and final summary judgment against appellants. Appellants then filed a motion for rehearing, which the trial court denied.
We hold that the trial court erred in granting summary judgment. Unless the party moving for summary judgment conclusively proves that there is no genuine issue of material fact, summary judgment is improper. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Holl v. Talcott, 191 So.2d 40 (Fla. 1966). Appellees, the moving parties, did not meet this heavy burden.
The critical question is whether an issue of fact exists. Even when the facts are uncontroverted, the entry of a summary judgment is erroneous if different inferences can be drawn reasonably from the facts. Carroll v. Moxley, 241 So.2d 681, 683 (Fla. 1970); Aloff v. Neff-Harmon, Inc., 463 So.2d 291, 293 (Fla. 1st DCA 1984). The court must view any inference in the light most favorable to the nonmoving party. Moore, 475 So.2d at 668; Bradford v. Bernstein, 510 So.2d 1204 (Fla. 2d DCA 1987).
In the case now before us, Mrs. Staniszeski testified in a deposition that she was unsuccessful in six attempts at collaring appellees' dog. She then straddled the dog, holding the dog's head between her legs. The dog bucked, causing Mrs. Staniszeski to fall.
The trial court, in granting the summary judgment, found as a matter of law, that Mrs. Staniszeski mischievously and carelessly provoked or aggravated the dog. The supreme court, in a dog bite case involving a four-year-old child, held that the statutory defense in section 767.04 that the person mischievously or carelessly provoked or aggravated a dog is a question of fact for the jury. Reed v. Burton, 512 So.2d 198 (Fla. 1987). Likewise, whether Mrs. Staniszeski's method of holding the dog was mischievous or careless and provoked or aggravated the dog is an issue of fact from which different inferences can reasonably be drawn. Because this court must review any inference in the light most favorable to the nonmoving party, we are compelled to reverse.
Reversed and remanded.
DANAHY, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The pertinent parts of these statutes are as follows:

767.01 Dog owner's liability for damages to persons or domestic animals.  Owners of dogs shall be liable for any damages done by their dogs to sheep or other domestic animals or livestock, or to persons.
767.04 Dog owner's liability for damages to persons bitten.  The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness . ..; provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage....
§§ 767.01 and 767.04, Fla. Stat. (1987).
[2] This defense, found in section 767.04, is applicable to an action filed pursuant to section 767.01. Rattet v. Dual Sec. Sys., Inc., 373 So.2d 948 (Fla. 3d DCA 1979), cause dismissed sub nom. Rattet v. Dep't of Banking Division of Securities Finance, 447 So.2d 887 (Fla. 1984).