W. SHARP, Judge,
dissenting.
I respectfully dissent. In my view, Ames should survive the summary judgment, based on this record, and be allowed to present two issues of disputed fact to the jury: was he wrongfully discharged by his employer, and was he entitled to be paid severance pay upon termination? True, Ames had no written contract. But he clearly had an oral contract which was mutually honored and performed for a period in excess of seven years.
In his affidavit filed in opposition to the summary judgment motion, Ames said he had been told he would be entitled to severance pay and other benefits, as spelled out in the employer’s personnel manual. He was given a copy of the manual and the many subsequent revisions during his years of service. The manual also governed other aspects of his employment, such as reimbursement for travel and meal expenses. The employer based its discharge on a violation of the manual’s policy governing reimbursement. Ames successfully disputed that issue in his affidavit opposing summary judgment.
The crucial issue here is whether Ames successfully showed there was a material issue of fact as to his entitlement to severance pay, which was payable only if he was not discharged for cause. Both issues turn on the provisions of the policy manual. From a view point most favorable to Ames, which we are required to take,[1] the record sufficiently establishes the provisions of the manual were orally incorporated into the terms of Ames’ employment. I fail to see how the employer can justify Ames’ discharge, based on breach of the manual, and yet deny its application to the issue of *552 severance pay. I would remand for trial on both issues. Burton v. Keaton, 60 So.2d 770 (Fla.1952); Goetz v. Brialmont, 287 So.2d 361 (Fla. 3d DCA 1973); Strahm v. Aetna Casualty and Surety Co., 285 So.2d 679 (Fla. 3d DCA 1973); Pan American Bancshares, Inc. v. Trask, 278 So.2d 313 (Fla. 3d DCA 1973).

. Every possible inference must be made from the evidence in a light most favorable to the nonmoving party. Greene v. Kolpac Builders, Inc., 549 So.2d 1150, 1151 (Fla. 3d DCA 1989). Entry of summary judgment is erroneous despite the presumption of correctness of the judgment on appeal, even where the facts are uncon-troverted, if different inferences can reasonably be drawn from the facts. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Staniszeski v. Walker, 550 So.2d 19 (Fla. 2d DCA 1989).