581 So.2d 593 (1991)
Marie CRANDALL, as Personal Representative of the Estate of Harry Crandall, Sr., Deceased, Appellant,
v.
SOUTHWEST FLORIDA BLOOD BANK, INC., a Florida Non-Profit Corporation, Appellee.
No. 90-00731.
District Court of Appeal of Florida, Second District.
January 25, 1991.
Rehearing Denied March 25, 1991.
*594 Arthur J. Ranson, III, of Giles, Hedrick & Robinson, P.A., Orlando, for appellant.
Ted R. Manry, III, of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
PARKER, Judge.
Marie Crandall, as personal representative for the estate of her deceased husband, appeals a final summary judgment entered in favor of Southwest Florida Blood Bank, Inc. (the Blood Bank) and against the appellant upon her claim that her husband died of AIDS as a result of a transfusion of blood supplied by the Blood Bank. We reverse.
In April 1987, Harry Crandall, Sr., the appellant's husband, received during surgery ten units of blood obtained from the Blood Bank. Mr. Crandall died in January 1988. The autopsy report prepared by Dr. S.J. Agosti, M.D., and supervised by Dr. J.U. Balis, in part, stated:
This patient died from clinically unsuspected Pneumocystis carinii pneumonia related to HIV infection. The most probable means by which the patient was infected by HIV was from blood products received when he underwent a coronary artery bypass operation in 4/87.
Mr. Crandall's estate sought recovery against the Blood Bank on the theories of breach of implied warranty of merchantability, breach of implied warranty of fitness, and negligence. The Blood Bank filed a motion for summary judgment. In support of that motion, the Blood Bank filed the affidavit of German F. Leparc, M.D., Vice-President of Medical Affairs and Medical Director of the Blood Bank, the depositions of Drs. Agosti and Balis, and the affidavit of Ronald E. Domen, M.D., Chief of the Blood Bank at the hospital where the 1987 surgery on Mr. Crandall had been performed. Dr. Leparc's affidavit stated in part:
Each unit transmitted to the James A. Haley Veteran's Administration Hospital and reportedly transfused to Harry Crandall, Sr. was tested and found non-reactive for anti-HIV. A non-reactive test means that the donor has no evidence of past exposure to HIV.
. . . . .
[S]outhwest Florida Blood Bank has had occasion to further test the blood of each of the donors who donated the blood that was transfused to Mr. Crandall. These donors have been tested at various times... . Each ... have continued to test nonreactively for anti-HIV... . [t]hese tests and their results are conclusive evidence that Mr. Crandall did not contract acquired immune deficiency syndrome from blood units supplied by Southwest Florida Blood Bank and transfused to Mr. Crandall on or about April 29, 1987.
In his deposition, Dr. Agosti specifically stated that his autopsy report was based upon the information that he had at that time. However, when specifically asked to assume that every donor responsible for the blood transfused to Mr. Crandall in 1987 continued to be healthy and HIV negative, he stated that it would not be within reasonable medical probability that the blood was the source of the infection. Dr. Balis, a Board Certified Pathologist, testified that a follow-up test which showed that the donors were still testing seronegative would disprove the HIV causation possibility which was stated in the autopsy report. Dr. Balis was personally familiar with the blood screening done by the Blood Bank and testified that their procedures are adequate and consistent with the standards *595 prevailing in the blood banking industry throughout the United States.
The estate filed the affidavits of the appellant, Mark Crandall, Mr. Crandall's son, and the affidavit of Bruce O. Schieneman, M.D. in opposition to the Blood Bank's motion. The affidavits from the family members stated that Mr. Crandall was not of Haitian descent, did not use intravenous drugs, was not a homosexual, and did not have homosexual contacts. The appellant's affidavit also stated Mr. Crandall had been impotent for the last ten years of his life and that the only blood transfusions which Mr. Crandall had received in the last ten years were from the Blood Bank.
Dr. Schieneman's affidavit reflected that he had reviewed all the affidavits and the depositions in the court record, including the deposition of German Leparc, M.D., all of the donor questionnaires and donor records of the Blood Bank, and the autopsy report. Dr. Schieneman's affidavit stated that following his review of these court documents, there was no other pathologic condition in Crandall's medical history which would give rise to an immunodeficiency state leading to pneumocystis carinii pneumonia, and that the only risk factor of exposure to HIV virus would be from one or more of the donated blood units used during the 1987 surgery. Dr. Schieneman further found that the donor questionnaire form given to the Crandall donors by the Blood Bank was inadequate in that it failed to seek information of recent illnesses consistent with the presence of HIV virus infection. In Dr. Schieneman's opinion, the donor questionnaire should have, but did not, inquire whether or not any of the donors had a recent medical history of fever, skin eruption, aching joints and muscles, weakness, lymph gland enlargement, sore throat, gastrointestinal symptoms, headache, or sensitivity to light. It is Dr. Schieneman's opinion that such questions should have been incorporated in the Blood Bank's educational and donor questionnaire forms in order to give appropriate protection against HIV transmission through the blood supply.
In reviewing motions for summary judgment, if there is even the slightest doubt as to the existence or nonexistence of a genuine issue of material fact, such issue must be resolved against the party moving for the summary judgment. Burroughs Corp. v. American Druggists' Ins. Co., 450 So.2d 540 (Fla. 2d DCA 1984). Even when the facts are uncontroverted, the entry of a summary judgment is erroneous if different inferences can be drawn reasonably from the facts. Staniszeski v. Walker, 550 So.2d 19 (Fla. 2d DCA 1989). When the defendant moves for summary judgment, neither the trial court nor this court determines whether the plaintiff can prove her case; our function solely is to determine whether the pleadings, depositions, and affidavits conclusively show that the plaintiff cannot prove her case. Williams v. Florida Realty & Management Co., 272 So.2d 176 (Fla. 3d DCA 1973).
Based upon the contrary opinions reached by Dr. Schieneman and the medical experts for the Blood Bank, we cannot conclude that the Blood Bank has sustained its burden required to uphold this summary disposition. We therefore reverse the final summary judgment entered in favor of the Blood Bank and remand for proceedings consistent with this opinion.
Reversed and remanded.
RYDER, A.C.J., and FRANK, J., concur.