650 So.2d 644 (1995)
David HERVEY, Appellant,
v.
Anthony ALFONSO d/b/a Capital Building Maintenance, Appellee.
No. 94-01196.
District Court of Appeal of Florida, Second District.
February 1, 1995.
Rehearing Denied February 22, 1995.
*645 Walt Logan, St. Petersburg, for appellant.
Jeffrey A. Caglianone and Frank A. Miller of Stuart & Strickland, P.A., Tampa, for appellee.
LAZZARA, Judge.
The appellant, David Hervey, challenges a summary final judgment entered in favor of the appellee, Anthony Alfonso d/b/a Capital Building Maintenance. Because we conclude that genuine issues of material fact exist in this record, we reverse and remand for further proceedings.
The appellant filed suit against appellee alleging negligent maintenance of the business premises where appellant worked. He claimed that appellee's employees created a dangerously wet condition on the premises while they were cleaning the floor, thus causing him to slip and fall and to sustain various personal injuries.
After discovery depositions, appellee filed a motion for summary judgment alleging that the record conclusively established that "wet floor" signs had been placed in plain view of appellant warning him of the existence of the wet condition of the floor. He further alleged that despite this warning the appellant proceeded on to the wet area of the floor and subsequently slipped and injured himself. Thus, according to the appellee, he did not negligently cause the accident nor breach any duty owed to the appellant.
The appellant countered in part with the affidavit of a co-worker who was with him at the time of the accident. The co-worker asserted there were no "wet floor" signs in plain view and that he and the appellant were otherwise never warned of the wet floor conditions in the specific area where appellant fell. This individual also specifically refuted the contents of a photograph depicting numerous "wet floor" signs in the area where appellant fell. According to his affidavit, "[t]he signs shown in the picture were not there when [appellant] fell."
After an unrecorded hearing, the trial court entered a perfunctory order granting appellee's motion, followed by the entry of a summary final judgment.
We have consistently held in accordance with Florida Rule of Civil Procedure 1.510(c) that a motion for summary judgment should not be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. E.g., Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). The party moving for summary judgment has the burden *646 of establishing irrefutably that the non-moving party cannot prevail. E.g., Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989). Furthermore, it is only after the moving party has met this heavy burden that the non-moving party is called upon to show the existence of genuine issues of material fact. E.g., Williams v. Beckham & McAliley, P.A., 582 So.2d 1206 (Fla. 2d DCA), review denied, 592 So.2d 683 (Fla. 1991).
Thus, if the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied. E.g., Burroughs Corp. v. American Druggists' Ins. Co., 450 So.2d 540 (Fla. 2d DCA 1984). Additionally, even when the facts are uncontroverted, the entry of summary judgment is likewise erroneous if different inferences can be drawn reasonably from those facts. E.g., Staniszeski v. Walker, 550 So.2d 19 (Fla. 2d DCA 1989).
We have also held that in a "slip and fall" negligence case, such as this one, the burden on the moving party is even more onerous, requiring the trial court to employ special care in granting summary judgment. E.g., Bradford v. Bernstein, 510 So.2d 1204, 1206 (Fla. 2d DCA 1987) (quoting Wills v. Sears, Roebuck & Co., 351 So.2d 29, 30-31 (Fla. 1977)). The necessity for exercising such caution in a negligence case flows from the supreme court's adoption of the doctrine of comparative negligence in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), as well as its abolition of the doctrine of assumption of the risk in Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977). Bradford, 510 So.2d at 1206. Thus, unless a defendant can establish unequivocally the absence of negligence, or that the plaintiff's negligence was the sole proximate cause of the injury, a trial court should not grant summary judgment in favor of the defendant. Id.
It is also well settled that a motion for summary judgment is not a substitute for a trial on the merits. Hence, a trial court is precluded from resolving disputed issues of fact when considering such a motion. E.g., Booth v. Mary Carter Paint Co., 182 So.2d 292 (Fla. 2d DCA 1966). Thus, when a defendant moves for summary judgment, neither the trial court nor this court determines whether the plaintiff can prove the cause of action alleged. The function of the court is solely to determine whether the appropriate record presented in support of summary judgment conclusively shows that the plaintiff cannot prove the claim alleged as a matter of law. E.g., Crandall v. Southwest Florida Blood Bank, Inc., 581 So.2d 593 (Fla. 2d DCA 1991).
The fundamental principle necessitating circumspection on the part of a trial court when considering a motion for summary judgment was set forth long ago by this court in Humphrys v. Jarrell, 104 So.2d 404 (Fla. 2d DCA 1958). We stated there that:
Caution and discernment should go hand in hand where the power to enter summary judgment or decree is exercised, for such a power wields a dangerous potential which could have the effect of trespass against fundamental and traditional processes for determining the rights of litigants.
104 So.2d at 408. Consistent with this principle, the presumption of correctness inuring in a trial court's ruling granting a motion for summary judgment "based upon a written record of pleadings, affidavits and depositions is not as strong as where the court heard the witnesses itself or ruled on conflicting evidence." Savage-Hawk v. Premier Outdoor Prods., Inc., 474 So.2d 1242, 1244 (Fla.2d DCA 1985). Thus, in an appeal from the entry of a summary final judgment, an appellate court should indulge all proper inferences in favor of the party against whom summary judgment was sought. E.g., Humphrys v. Jarrell, 104 So.2d 404.
Measured against these well-settled principles of summary judgment jurisprudence, we conclude that the trial court erred in entering summary final judgment against the appellant because the appellee failed to sustain his heavy burden of conclusively demonstrating the complete absence of a genuine issue of material fact. We readily perceive from the record, without any doubt, two genuine issues of material fact: whether *647 the appellee openly displayed "wet floor" warning signs and, if so, whether these signs were directed to the specific area where appellant slipped and fell. Thus, because these are issues which only the trier of fact can resolve, appellee has failed to show conclusively as a matter of law that the appellant cannot prove his case. E.g., Holland v. Verheul, 583 So.2d 788 (Fla. 2d DCA 1991).
In view of our disposition of this case, we need not reach appellant's alternative argument that, assuming summary judgment was appropriate as to the cause of action alleged, the trial court erred in denying him leave to file an amended complaint asserting a different legal theory of negligence based on the record evidence. We note, however, the well-settled law that even if summary judgment is warranted as to the claim alleged, nevertheless, if the record indicates that the plaintiff may have a cause of action not previously pled, or a better one than originally pled, it is entirely appropriate from a procedural standpoint to grant summary judgment without prejudice to the plaintiff seeking leave to amend to assert such a claim. E.g., Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963). In the event such a motion is filed, the trial court, in the exercise of its discretion, must determine whether the facts appearing in the record at the time of summary judgment reasonably indicate that the plaintiff can raise a justifiable issue through an amended complaint. E.g., Gold Coast Crane Serv., Inc. v. Watier, 257 So.2d 249 (Fla. 1971). If the trial court concludes that the plaintiff can state a bona fide cause of action, it must grant the motion, for to do otherwise would constitute an abuse of its discretion. E.g., Greenburg v. Johnston, 367 So.2d 229 (Fla. 2d DCA 1979).
Accordingly, we reverse the trial court's entry of summary final judgment on behalf of appellee and remand for further proceedings.
Reversed and remanded for further proceedings.
FRANK, C.J., and THREADGILL J., concur.