691 So.2d 1095 (1997)
RLI INSURANCE COMPANY, Appellant,
v.
SCOTTSDALE INSURANCE COMPANY, a foreign corporation, Royal Insurance Agency, Inc., f/k/a Morrison-Dulfer Insurance Agency and Hull and Company, Inc., Appellees.
No. 95-4187.
District Court of Appeal of Florida, Fourth District.
March 19, 1997.
Rehearing and Clarification Denied May 5, 1997.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, for appellant.
Richard A. Sherman and Rosemary Wilder of the Law Offices of Richard A. Sherman, P.A., and Bohdan Neswiacheny of the Law Office of Bohdan Neswiacheny, Fort Lauderdale, for appellees.
*1096 KLEIN, Judge.
RLI Insurance Company, an excess insurer, brought this lawsuit against a primary insurer, alleging that the primary insurer was in bad faith in failing to settle a personal injury claim. We affirm the trial court's entry of summary judgment in favor of the primary insurer.
Appellee Scottsdale had the primary coverage of $1 million, another insurer which is not a party had the first level of excess coverage in the amount of $1 million, and appellant RLI had the second level of excess coverage in the amount of $1 million. Following a jury verdict in excess of RLI's coverage and an appeal resulting in a reversal for a new trial, the claim was settled with each of the three insurers participating and paying their limits. RLI then brought this lawsuit against the primary carrier, Scottsdale, claiming that Scottsdale could have settled this case prior to trial for less than the settlement ultimately reached, and was in bad faith for failing to do so.
One of the arguments advanced by appellee Scottsdale, the primary insurer, to sustain this summary judgment, is that an excess insurer cannot bring a claim for bad faith in the absence of a judgment in excess of the primary coverage. Although no Florida case has addressed this precise issue, the only logical answer to be derived from Florida's body of bad faith law is that an excess judgment is unnecessary.
It is well settled that an excess insurer is entitled to maintain a common law bad faith action against a primary insurer. Ranger Ins. Co. v. Travelers Indem. Co., 389 So.2d 272 (Fla. 1st DCA 1980); General Acc. Fire & Life Assur. Corp. v. American Cas. Co. of Reading, Pa., 390 So.2d 761 (Fla. 3d DCA 1980), rev. denied, 399 So.2d 1142 (Fla. 1981); Phoenix Ins. v. Florida Farm Bureau Mut. Ins. Co., 558 So.2d 1048 (Fla. 2d DCA 1990). In each of these cases, it was held that a primary insurer has the same duty to exercise good faith to an excess insurer as it does to an insured.
Although those cases did not discuss the need for a judgment, North American Van Lines, Inc. v. Lexington Insurance Co., 678 So.2d 1325 (Fla. 4th DCA 1996), involved that issue. The insured had a deductible of $1 million and was also responsible for providing its own defense. After an accident which was caused by one of its drivers, the insured, over the objection of the insurer, settled with the injured persons for an amount which went into the insurer's coverage. We concluded that there was no need, under those circumstances, for the insured to have suffered a judgment as a condition to bringing a bad faith action against the insurer.
When a primary insurer is in bad faith for refusing to settle, the excess carrier is in essentially the same position as that of an insured. See Ranger; Morrison; North American. Accordingly, if the insured in North American did not have to expose itself to a judgment in order to bring a bad faith action, it follows that this excess carrier should not have to either.[1]
Our conclusion that no excess judgment is necessary for an excess insurer to bring a common law bad faith action against a primary insurer is also supported by cases from other jurisdictions. Continental Cas. Co. v. Reserve Ins. Co., 307 Minn. 5, 238 N.W.2d 862 (1976); Twin City Fire Ins. Co. v. Country Mut. Ins. Co., 23 F.3d 1175 (7th Cir. 1994); Fortman v. Safeco Ins. Co. of America, 221 Cal.App.3d 1394, 271 Cal.Rptr. 117 (2d Dist.1990).
Although the lack of a judgment is not a problem for the excess insurer, the substantive facts are. The correspondence between counsel for the injured plaintiff and the insurers, and the depositions taken in this case, particularly that of counsel representing the injured plaintiff, show beyond any doubt that the primary insurer at no time missed an opportunity to settle which would have put it in a bad faith posture. Accordingly, viewing the facts in the proper summary judgment perspective, we conclude *1097 that the trial court was correct in disposing of this claim. Affirmed.
FARMER and SHAHOOD, JJ., concur.
NOTES
[1] This is not to say that the typical insured under a standard auto or homeowner's policy can settle with a tortfeasor over the objection of an insurer which is providing a defense and coverage. See North American, 678 So.2d at 1333 (majority), as well as Judge Polen's dissent.