CASANUEVA, Judge.
Wal-Mart Stores, Inc., appeals a summary final judgment finding it liable for the injuries sustained by Glenna Boertlein. We affirm.
Accompanied by her daughter, Ms. Boertlein went to the Largo, Florida Wal-Mart store to seek employment. After completing the job application procedure, Ms. Boertlein browsed the store while awaiting her daughter, who also was applying for a job. While walking in a sporting goods aisle, Ms. Boertlein observed two employees transferring merchandise from atop a display to a lower shelf. The boxes contained console units for minivans and weighed between 20 and 25 pounds. Both Wal-Mart employees were located in the same aisle as Ms. Boertlein; one stood on top of a stepladder, the other on the floor. As Ms. Boertlein walked past the employees, she heard someone say “oh.” Turning in the direction of the sound and the employees, she was struck on her right forehead and fell to the floor. As she stood up, she observed a box containing a van console on the ground near where she had fallen.
At the hearing on Ms. Boeretlein’s motion for summary judgment on liability, these were the sole facts presented to the court. Wal-Mart adduced no evidence in opposition to the facts put forth by the plaintiff. Accordingly, the trial court entered a summary final judgment on liability against Wal-Mart.
Although cases on this area of the law are legion, the disposition of this appeal does not require a legal treatise. The operative principle follows:
The party moving for summary judgment has the burden of establishing irrefutably that the nonmoving party cannot prevail. Furthermore, it is only after the moving party has met this heavy burden that the nonmoving party is called upon to show the existence of genuine issues of material fact.
Hervey v. Alfonso, 650 So.2d 644, 645-6 (Fla. 2d DCA 1995).
Here, Ms. Boertlein met the burden required of her by law. Wal-Mart failed to come forward with evidence to suggest a genuine issue of material fact. The facts being uncontested, the trial court correctly determined that liability exists as a matter of law.
Affirmed.
NORTHCUTT, A.C.J., and GREEN, J., Concur.