POLEN, J.
Appellants, Lee H. Gross and Lee Gross, P.A., appeal the trial court’s final judgment granting summary judgment in favor of appellee, Home Loan Corporation d/b/a Expanded Mortgage Credit (“Home Loan”). We hold that the trial court erred in granting final summary judgment where material issues of fact existed and therefore reverse the decision below.
Appellants acted as the settlement agents in several closings for homes and, during each closing, purported clients falsely executed and delivered notes and mortgages to Home Loan. The identifiable purported clients came forward and provided that they were never involved with Home Loan or Gross, P.A. and did not execute promissory notes or mortgages, nor authorized anyone to do so on their behalves. Home Loan filed its original complaint against Gross and several other parties and later amended the complaint to join additional defendants. Home Loan filed its first request for admissions, but Gross denied ever receiving the request, even after he specifically asked that it be re-sent by Home Loan. Home Loan filed second, third, and fourth amended complaints, and Gross filed his answer and affirmative defenses to the fourth amended complaint. Home Loan then filed a motion for summary judgment against Gross. Gross, in his response in opposition to Home Loan’s motion for summary judgment, alleged that he had nothing to do with any of the transactions and that his signature was forged on all of the docu *837 ments. After the hearing, summary judgment was granted in favor of Home Loan. This appeal followed.
“The standard of review for summary judgments is de novo.” Fla. Dep’t of Revenue v. Seminole Tribe of Fla., 65 So.3d 1094, 1096 (Fla. 4th DCA 2011). For summary judgment to be entered in favor of the moving party, there must be no genuine issue of material fact and the moving party must be “entitled to a judgment as a matter of law.” Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The court may look to “pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials” to determine the absence of genuine issue of material fact. Fla. R. Civ. P. 1.510(c). The burden is on the movant to show an absence of genuine issue of material fact. Frost v. Regions Bank, 15 So.3d 905, 906 (Fla. 4th DCA 2009).
Gross argued that the pleadings and affidavit in opposition to Home Loan’s motion for summary judgment exhibited genuine issues of material fact that should have precluded summary judgment. In Gross’ affidavit, he alleged that he assisted a suspended Georgia attorney, George Garcia, with a title company Garcia owned. Gross averred that he acted as an agent for Garcia’s company, but he never completed any loan closing documents himself and that the signatures on any documents purporting to contain his signature were obtained under false pretenses and misrepresentations by Garcia. Gross further contended he had no knowledge of any of the occurrences in the complaint and that all transactions occurred without his consent or knowledge. Gross also stated that he would have responded to the request for admissions had he been made aware of that request. Home Loan contended that Gross actually met with clients, acted as the title company’s agent, created falsified closing documents, and hosted closings where Gross oversaw the settlements.
The final judgment entered by the trial court contained findings of facts and conclusions of law which provided that, based on the evidence, Gross and Gross, P.A. jointly and severally converted funds of Home Loan and engaged in intentional, illegal, unethical and fraudulent conduct to defraud Home Loan of its monies. This court held in Cummins v. Allstate Indemnity Co., 732 So.2d 380, 383 (Fla. 4th DCA 1999), that in a summary judgment hearing, “[i]f the affidavits and other evidence raise any doubt as to any issue of material fact then a summary judgment may not be entered.” “[I]f the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, that doubt must be resolved against the moving party and summary judgment must be denied.” Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995) (emphasis in original). Even if “the facts are uncontroverted, the entry of summary judgment is likewise erroneous if different inferences can be drawn reasonably from those facts.” Id.
Here, the depositions taken of those who were defrauded by falsified loan documents and closings provided that they never met nor spoke with Lee Gross and that his relationship with Trusted Title, Garcia’s company, was unknown. Rather, assumptions were made that Gross owned the company and/or was affiliated with the company because the checks appeared to come from Lee Gross, P.A. Therefore, while the trial court concluded that the evidence proved that fraud occurred through unauthorized loan documents, there are existent facts which should be considered by a jury to determine whether Gross and Gross, P.A. were involved in the *838 scam that is the underlying issue of this case.
Gross and Gross, P.A. further contended that the request for admissions was never served upon them. Gross and Gross P.A. also alleged that they informed Home Loan that the request for admissions was never received, but no attempt was made by Home Loan to serve the request, even with that information. Florida Rule of Civil Procedure 1.370 provides that a “matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request-” Fla. R. Civ. P. 1.370(a). This court has held that technical admissions cannot be used to support final summary judgment if the record contains evidence which contradicts the technical admissions. Sterling v. City of W. Palm Beach, 595 So.2d 284, 285 (Fla. 4th DCA 1992).
It appears the trial court never resolved the issue of whether Gross was served with the request for admissions when the court relied on the technical admissions in reaching its decision. The final judgment specifically stated that Gross’ failure to respond to the admissions played a role in the decision of the trial court to grant summary judgment; however, it was not the sole reason for the decision. The final judgment provided that the court considered pleadings and depositions of several victims of fraudulent transactions, as well as affidavits and technical admissions, in reaching its decision to grant summary judgment. If any technical admissions were contradicted by the other evidence in the record, those admissions must not have been used to support summary judgment.
Based on the language in the final judgment and the record as presented to this court, issues of material fact remained in dispute, such as Gross and Gross, P.A.’s knowledge of the activities, the authenticity of Lee Gross’ signatures, and his participation in the fraudulent transactions. Thus, it was improper for the court to grant summary judgment without a jury first making findings regarding the genuine issues of material fact which remained in existence. We therefore reverse the trial court’s decision to grant summary judgment in favor of Home Loan and hold that the trial court erred in its decision.

Reversed.

GROSS and CONNER, JJ., concur.