# Supreme Court of Florida

_____

No. SC20-1490
_____

**IN RE: AMENDMENTS TO FLORIDA RULE OF CIVIL PROCEDURE 1.510.**

December 31, 2020

PER CURIAM.

The Court, on its own motion, amends Florida Rule of Civil Procedure 1.510 (Summary Judgment).[1]  Effective May 1, 2021, the amended rule adopts the summary judgment standard articulated by the United States Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (together, the "federal summary judgment standard"). Through this amendment, we align Florida's summary judgment standard with that of the federal courts and of the supermajority of states that have already adopted the federal summary judgment standard.  *See* Zachary D. Clopton, *Procedural*

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(d).

*Retrenchment and the States*, 106 Calif. L. Rev. 411, 432 (2018) (identifying thirty-seven states as having adopted the federal standard in whole or in part; since then a thirty-eighth state (Utah) has embraced the federal standard).

The Florida and federal rules of civil procedure share the same overarching purpose: "to secure the just, speedy, and inexpensive determination of every action." Fla. R. Civ. P. 1.010; *cf.* Fed. R. Civ. P. 1. Moreover, as a purely textual matter, the critical sentences in Florida's summary judgment rule and in the federal summary judgment rule are materially indistinguishable. Specifically, Florida's rule 1.510(c) requires summary judgment where the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(a), in turn, requires summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Despite this consistency of purpose and text, Florida and federal courts have not been aligned in their summary judgment jurisprudence. Three particularly consequential differences stand out. (The following explains these key differences; the discussion is not intended to limit the scope of the rule amendment that we adopt today.)

First, "Florida courts [have] repeatedly declined to recognize the fundamental similarity between a motion for directed verdict and a motion for

summary judgment." Thomas Logue & Javier Alberto Soto, *Florida Should Adopt the Celotex Standard for Summary Judgment*, 76 Fla. Bar J. Feb. 2002, at 20, 22. By contrast, the Supreme Court has held that the federal summary judgment standard "mirrors" the standard for a directed verdict. *Anderson*, 477 U.S. at 250. Although it recognized that there are procedural differences in the two motions (one is made before trial and the other during trial), the Supreme Court concluded that "the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

Second, since this Court's decision in *Holl v. Talcott*, 191 So. 2d 40 (Fla. 1966), Florida courts have required the moving party conclusively "to disprove the nonmovant's theory of the case in order to eliminate any issue of fact." Logue & Soto, *supra*, at 24. By contrast, the Supreme Court has held that there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex*, 477 U.S. at 323. Rather, the Supreme Court explained that "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. Upon motion and provided there has been an "adequate time for discovery," the Supreme Court has held that summary judgment should be entered

"against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322. In other words, under the federal summary judgment standard, "the extent of the moving party's burden varies depending on who bears the burden of persuasion at trial." *Salo v. Tyler*, 417 P. 3d 581, 587 (Utah 2018).

Third, Florida courts have adopted an expansive understanding of what constitutes a genuine (i.e., triable) issue of material fact. While the caselaw is not entirely uniform, a leading treatise characterizes the Florida standard this way: "[T]he existence of *any* competent evidence creating an issue of fact, however credible or incredible, substantial or trivial, stops the inquiry and precludes summary judgment, so long as the 'slightest doubt' is raised." Bruce J. Berman & Peter D. Webster, *Berman's Florida Civil Procedure* §1.510:5 (2020 ed.). By contrast, the Supreme Court has described the federal test as whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (citations omitted). A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. More recently, the Supreme Court explained that

- 4 -

"[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In *Wilsonart, LLC v. Lopez,* No. SC19-1336, 2019 WL 5188546, at *1 (Fla. Oct. 15, 2019), we invited the parties to brief the question whether Florida should adopt the federal summary judgment standard. In addition to the *Wilsonart* parties' submissions, we heard from numerous *amici*, who as a group articulated a range of perspectives from Florida's legal and business communities. What we learned in *Wilsonart* supplemented our own views and experience dealing with this issue, which has long been the subject of thoughtful commentary. *See, e.g.*, Logue & Soto, *supra* (advocating that Florida adopt the federal summary judgment standard); Leonard D. Pertnoy, *Summary Judgment in Florida: The Road Less Traveled*, 20 St. Thomas L. Rev. 69 (2007) (same); *see also* Debra M. Salisbury, *Trawick's Florida Practice & Procedure* § 25:5 (2020 ed.) ("Florida courts have followed a more restrictive course than federal courts so that summary judgment has lost some of its utility in Florida practice.").

We are persuaded that the federal summary judgment standard better comports with the text and purpose of rule 1.510 and that adopting that standard is in the best interest of our state. As we said at the outset, our rules of civil

procedure are meant "to secure the just, speedy, and inexpensive determination of every action." Fla. R. Civ. P. 1.010. Yet Florida courts' interpretation of our summary judgment rule has unnecessarily failed to contribute to that objective. Overall and especially as to each of the key areas described above, the federal summary judgment standard is more rational, more fair, and more consistent with the structure and purpose of our rules of civil procedure.

We agree with the Supreme Court that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of [our rules] as a whole." *Celotex*, 477 U.S. at 327. The Supreme Court's reasoning underlying the federal summary judgment standard is compelling: "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Id*. at 323-24.

In adopting this amendment, we reaffirm the bedrock principle that summary judgment is not a substitute for the trial of disputed fact issues. As the Supreme Court itself has emphasized, the summary judgment rule must be implemented "with due regard … for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury." *Id*. at 327. Our goals are simply to improve the fairness and efficiency of Florida's civil justice system, to relieve parties from the expense and burdens of meritless

litigation, and to save the work of juries for cases where there are real factual disputes that need resolution.

To allow an opportunity for public comments, this amendment will not take effect until May 1, 2021. We invite comments not just on this amendment, but also on whether the effective implementation of the amendment requires any additional, ancillary amendments to rule 1.510. We also invite comments on whether there are specific textual provisions of federal rule 56 that should be added to rule 1.510, and indeed whether rule 1.510 should be replaced in its entirety with the text of rule 56. Interested persons shall have sixty days from the date of this opinion to file comments with the Court.[2] We specifically invite comments from The Florida Bar's Civil Procedure Rules Committee.

---

2. All comments must be filed with the Court on or before March 2, 2021, with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

Accordingly, the Florida Rules of Civil Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective May 1, 2021 at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
LABARGA, J., dissents with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., dissenting.

Citing Florida's interest in "secur[ing] the just, speedy, and inexpensive determination of every action," majority op. at 2, 5, the majority's decision discards long-settled law—interpreting the standard for summary judgment in Florida's state courts—in favor of the less restrictive federal interpretation. Under the federal interpretation, summary judgment is appropriate if the trial court concludes that no reasonable jury could render a verdict in favor of the nonmoving party. Fully recognizing the imperative that Florida's state courts operate efficiently, I nonetheless dissent to today's decision, which infringes upon the role of the jury in deciding disputes in civil cases.

Because of its preclusive effect, a grant of summary judgment warrants great caution. Indeed, "[c]aution and discernment should go hand in hand where the

- 8 -

power to enter summary judgment or decree is exercised, for such a power wields a dangerous potential which could have the effect of trespass against fundamental and traditional processes for determining the rights of litigants." *Humphrys v. Jarrell*, 104 So. 2d 404, 408 (Fla. 2d DCA 1958). Vital to carrying out these fundamental and traditional processes is the jury which, in its role as finder of fact, hears evidence presented at trial and decides questions of fact raised by a litigant's claim.

The moving party's intent in filing a motion for summary judgment is to dispose of a litigant's claim on the basis that no genuine issue of material fact exists. For decades, Florida courts have been judicious in granting summary judgment because, as observed by one of our district courts, "a motion for summary judgment is not a substitute for a trial on the merits." *Hervey v. Alfonso*, 650 So. 2d 644, 646 (Fla. 2d DCA 1995). However, when the more relaxed federal interpretation is applied to a motion for summary judgment, the trial court's analysis goes far beyond evaluating whether an issue of material fact is in dispute. Instead, the trial court assumes a role traditionally reserved for a jury and engages in weighing evidence.

I emphasize that it is not the dispute of *any* fact that precludes summary judgment, but the dispute of a *genuine* issue of *material* fact. Thus, the issue of fact must be of such import that it is dispositive of the litigant's claim. Far from

being an innocuous requirement, this language sets a much higher bar than what the majority describes as "some metaphysical doubt as to the material facts." Majority op. at 4 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

For more than two hundred years, this country has preserved the right to trial by jury in civil cases. George Mason, one of this country's founding fathers, said: "That in controversies respecting property, and in suits between man and man, the ancient trial by jury is preferable to any other, and ought to be held sacred." Because I believe that today's decision infringes upon the jury's sacred role, I respectfully dissent.

Original Proceeding – Florida Rules of Civil Procedure

# APPENDIX

**RULE 1.510.      SUMMARY JUDGMENT**

**(a) – (b)      [No Change]**

**(c)      Motion and Proceedings Thereon.** The motion must state with particularity the grounds upon which it is based and the substantial matters of law to be argued and must specifically identify any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence ("summary judgment evidence") on which the movant relies. The movant must serve the motion at least 20 days before the time fixed for the hearing, and must also serve at that time a copy of any summary judgment evidence on which the movant relies that has not already been filed with the court. The adverse party must identify, by notice served pursuant to Florida Rule of Judicial Administration 2.516 at least 5 days prior to the day of the hearing if service by mail is authorized, or delivered, electronically filed, or sent by e-mail no later than 5:00 p.m. 2 business days prior to the day of the hearing, any summary judgment evidence on which the adverse party relies. To the extent that summary judgment evidence has not already been filed with the court, the adverse party must serve a copy on the movant pursuant to Florida Rule of Judicial Administration 2.516 at least 5 days prior to the day of the hearing if service by mail is authorized, or by delivery, electronic filing, or sending by e-mail no later than 5:00 p.m. 2 business days prior to the day of hearing. The judgment sought must be rendered immediately if the pleadings and summary judgment evidence on file show that there is no genuine ~~issue~~dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. The summary judgment standard provided for in this rule shall be construed and applied in accordance with the federal summary judgment standard articulated in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

**(d) – (g)      [No Change]**

## Committee Notes

[No Change]