DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WENDY FIRTELL** and **BRIAN FIRTELL,**
Appellants,

v.

**USAA CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D20-1878

[January 5, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey Levenson, Judge; L.T. Case No. 18-017831 CACE (09).

Robert C. Hubbard and George A. Vaka of Vaka Law Group, P.L., Tampa, and Max M. Messinger of Kanner & Pintaluga, P.A., Boca Raton, for appellants.

Kansas R. Gooden of Boyd & Jenerette, P.A., Miami, and Kevin D. Franz of Boyd & Jenerette, P.A., Boca Raton, for appellee.

PER CURIAM.

Wendy and Brian Firtell's home was insured under a policy issued by USAA Casualty Insurance Company ("USAA"). The Firtells made a claim, and USAA inspected and made some payments over a period of months, but it did not pay the full amount of loss claimed by the Firtells. Following the appraisal process and USAA's payment of the appraisal award, the Firtells asserted a bad faith claim against USAA, and the trial court entered summary judgment in favor of USAA. The Firtells appeal, and we reverse.

Summary judgment is proper "if the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c).[1] "If the affidavits and other evidence raise any

---

[1] Rule 1.510 was amended on May 1, 2021, but the amendment "does not apply here as the final judgment predates the amendment." *See Lorber v. Passick,*

doubt as to any issue of material fact then a summary judgment may not be entered." *E. Qualcom Corp. v. Glob. Com. Ctr. Ass'n,* 59 So. 3d 347, 351 (Fla. 4th DCA 2011) (citation omitted). "Even if 'the facts are uncontroverted, the entry of summary judgment is likewise erroneous if different inferences can be drawn reasonably from those facts.'" *Gross v. Home Expanded Corp.,* 77 So. 3d 835, 837 (Fla. 4th DCA 2012) (quoting *Hervey v. Alfonso,* 650 So. 2d 644, 646 (Fla. 2d DCA 1995)).

Typically, the question of whether an insurer acted in good faith toward its insured in resolving a claim is an issue of fact for the jury. *See Amica Mut. Ins. Co. v. Weiner,* 869 So. 2d 776, 777 (Fla. 4th DCA 2004). Given the different inferences that each party argues must be drawn from the facts at hand, this case is no exception.

*Reversed and remanded.*

CIKLIN, J., and HARPER, BRADLEY, Associate Judge, concur.
ARTAU, J., dissents with opinion.

ARTAU, J., dissenting.

I respectfully dissent. While the issue of bad faith is generally one of fact for a jury, the issue of bad faith may be determined as a matter of law when the facts are undisputed. *See, e.g., Berges v. Infinity Ins. Co.,* 896 So. 2d 665, 680 (Fla. 2004) ("Although the issue of bad faith is ordinarily a question for the jury, this Court and the district courts have, in certain circumstances, concluded as a matter of law that an insurance company could not be liable for bad faith."); *Boston Old Colony Ins. Co. v. Gutierrez,* 386 So. 2d 783, 785 (Fla. 1980) (The trial court erred in not granting the motion for directed verdict where "[t]here is no sufficient evidence from which any reasonable jury could have concluded that there was bad faith on the part of the insurer."); *RLI Ins. Co. v. Scottsdale Ins. Co.,* 691 So. 2d 1095, 1096-97 (Fla. 4th DCA 1997) (affirming summary judgment for the insurer because the depositions and documents "show[ed] beyond any doubt that the primary insurer at no time missed an opportunity to settle which would have put it in a bad faith posture"); *Clauss v. Fortune Ins. Co.,* 523 So. 2d 1177, 1178 (Fla. 5th DCA 1988) (insurer was entitled to summary judgment as a matter of law because "there were insufficient allegations of unreasonable and bad faith conduct" where the insurer "expressed its willingness to tender the policy limits, but desired verification"); *Caldwell v. Allstate Ins. Co.,* 453 So. 2d 1187, 1190-91 (Fla.

_____

4D20-393, 2021 WL 3891004, at *3 n.3 (Fla. 4th DCA Sept. 1, 2021). We provide no opinion on the outcome of this case under the amended rule.

1st DCA 1984) (affirming summary judgment in the insurer's favor where the undisputed evidence in the affidavits showed that the insurer "exercised reasonable diligence in investigating" the claim against its insured and no evidence showed that the insured engaged in any "kind of conduct which has typified those cases in which the courts have found the existence of bad faith"); *see also Talat Enters., Inc. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278, 1282 (Fla. 2000) (a statutory bad faith claim pursuant to "[s]ection 624.155 does not impose on an insurer the obligation to pay whatever the insured demands").

The undisputed evidence shows that the insurer complied with the policy terms, reasonably investigated the claim, promptly participated in the appraisal process, and timely paid the appraisal award which was less than the amount its insured had claimed. Under these circumstances—with no genuine disputed issues of fact—the trial court correctly concluded that no reasonable jury could find the insurer had engaged in bad faith. Therefore, I would affirm the summary judgment entered in favor of the insurer.

* * *

***Not final until disposition of timely filed motion for rehearing.***