PER CURIAM.
Appellant/plaintiff/counterdefendant, Ralph B. McKay, appeals a partial summary judgment on the issue of liability entered in favor of appellees/defendants/counter-plaintiffs, Dean A. Motley, a minor and his father, George E. Motley.
The complaint alleged that Dean Motley’s negligence in the operation of a motorcycle caused it to collide with appellant’s automobile and that the negligence of Dean Motley is imputed to George Motley. Appellant was seeking recovery for damages to his automobile resulting from the collision. Appellees answered and filed affirmative defenses and counterclaims. Dean Motley counterclaimed seeking compensatory and punitive damages alleging that appellant’s negligence in the operation of his automobile caused personal injury to Dean Motley and that appellant’s negligence constituted willful and wanton disregard for the safety of others. George Motley counterclaimed for costs of Dean Motley’s medical treatment and for damages for loss of companionship. Appellees moved for summary judgment on the issue of liability. The trial court granted the motion and entered a partial summary judgment finding that appellant’s negligence was the proximate *669 cause of the damages resulting from the accident.
Since the decision of the Florida supreme court in Hoffman v. Jones, 280 So.2d 431 (Fla.1973), which adopted the doctrine of comparative negligence, it is less probable that a summary judgment on the issue of liability would be appropriate. The depositions of the four persons involved in the accident, the affidavit of a witness to the accident, and other evidence presented to the trial court fails to show conclusively that no genuine issue of material fact existed as to the negligence of Dean Motley. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). Accordingly the partial summary judgment is reversed.
REVERSED and REMANDED for proceedings consistent with this opinion.
BOARDMAN, C. J., and McNULTY and OTT, JJ., concur.