383 So.2d 989 (1980)
James B. ZAMBITO and Aurora S. Zambito, His Wife, Appellants,
v.
SOUTHLAND RECREATION ENTERPRISES, INC., D/B/a Southland Roller Palace; Federal Insurance Company; and Midland Insurance Company, Appellees.
No. 79-1596.
District Court of Appeal of Florida, Second District.
May 28, 1980.
Julian D. Clarkson, Steven D. Merryday and C. Steven Yerrid of Holland & Knight, Tampa, for appellants.
Stephen F. Myers of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellees.
HOBSON, Acting Chief Judge.
James B. and Aurora Zambito, husband and wife, appeal a final order dismissing their third amended complaint with prejudice. We reverse.
Southland Recreation Enterprises, Inc. operates a roller-skating facility which is open to the general public for a specified fee. In August, 1978, Mr. Zambito visited Roller Palace for the first time. An employee of Roller Palace organized a game of "follow the leader" during which each skater *990 closely follows the skater in front of him. The employee led the line of skaters from the designated skating area onto an elevated, carpeted refreshment area. Mr. Zambito and the other skaters followed the employee around the tables and chairs in that area. As the skaters skated by a different route off the elevated area and stepped down six inches to the skating surface, Mr. Zambito fell, suffering a broken leg and other injuries.
The Zambitos' third amended complaint asserted a cause of action based upon the theories of respondeat superior, premises liability and loss of consortium. Southland filed a motion to dismiss for failure to state a cause of action. In granting the motion to dismiss, the court stated:
Plaintiff must have known that that which goes up must come down, and consequently at the time of his fall, his knowledge was equal to that of defendant concerning the change in floor elevations. He was equally aware of lighting conditions... .
Equally known to plaintiff was the danger of falling while roller-skating... .
The court further stated that it did not consider the doctrine of "assumed risk", but relied on the decisions in Hall v. Holton, 330 So.2d 81 (Fla. 2d DCA 1976); General Development Corp. v. Doles, 309 So.2d 596 (Fla. 2d DCA 1975), and Jahn v. Tierra Verde City, Inc., 166 So.2d 768 (Fla. 2d DCA 1964).

DISCUSSION
In 1973, the supreme court established the doctrine of comparative negligence in Florida and held that a plaintiff was no longer barred from recovery because of his contributory negligence. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). Specifically declining to dissect and discuss all possible variations of comparative negligence, the court left it to the lower courts to deal individually with the viability of other defenses based on plaintiff's negligence.
Implied assumption of risk was the next absolute defense to fall in the case of Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977), in which the court held that this defense "merged into the defense of contributory negligence and the principles of comparative negligence ... apply in all cases where [implied assumption of risk] is asserted." 348 So.2d at 293.
This court refused to allow the "patent danger" or "open and obvious hazard" doctrine to preclude a manufacturer's liability in a products liability action. Jones v. Auburn Machine Works Co., 353 So.2d 917 (Fla. 2d DCA 1977), aff'd, Auburn Machine Works Co. v. Jones, 366 So.2d 1167 (Fla. 1979). In its affirmance of Judge Ryder's opinion, the supreme court said, "The patent danger doctrine protects manufacturers who sell negligently designed machines which pose formidable dangers to their users."
This brings us to the question of the status of the "patent danger" defense in a landowner/business invitee situation. It has long been the rule that a landowner or occupier owes two duties to an invitee on his premises: 1) to use ordinary care in keeping the premises in a reasonably safe condition, and 2) to give timely notice of latent or concealed perils which are known or should be known to the owner, but which are not known to the invitee. Waterman v. Graham, 228 So.2d 925 (Fla. 2d DCA 1969).
Although Florida courts have traditionally adhered to the rule that a business invitee's equal or superior knowledge of a hazard discharges the landowner's duty to warn, recent decisions have questioned the viability of the patent danger defense in light of Hoffman v. Jones. The Fifth District Court of Appeal recognized the problem in the case of Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980). In that case the plaintiff had actual knowledge of the hazard and the defendant was chargeable with no more than constructive knowledge of the condition. While agreeing with the statement that "a duty to warn does not arise if the invitee has knowledge of the danger equal or superior to that of the occupier," Judge Cobb noted that "[T]he fallacy is in the premise that *991 the discharge of the occupier's duty to warn by the plaintiff's actual knowledge necessarily discharges the duty to maintain the premises in a reasonably safe condition by correcting dangers of which the occupier has actual or constructive knowledge."
In a landlord/tenant context, the First District Court of Appeal made the outright statement:
Appellees argue that [tenant's] recovery is barred because of her superior knowledge of the slippery condition of the hallway. We reject this argument for two reasons. First, whether [tenant] had superior knowledge is a question for the jury. Second, [tenant's] knowledge, if any, would present an issue of comparative negligence and would not bar her recovery. (Emphasis ours)
Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA No. 00-147, filed April 24, 1980). Judge Ervin, in a special concurrence to that opinion, aptly remarked, "This is a murky area of the law and hopefully one which will soon be resolved by the Florida Supreme Court."
We propose to rectify the "fallacy" in the patent danger defense and clarify the "murky area of the law" by holding that any defense based on invitee's negligence is no longer a complete bar to recovery in a negligence action, and the doctrine of comparative negligence applies where this defense is raised. This ruling comports with the supreme court's statement in Hoffman v. Jones that:
A plaintiff is barred from recovering damages for loss or injury caused by the negligence of another only when the plaintiff's negligence is the sole legal cause of the damage, or the negligence of the plaintiff and some other person or persons other than the defendant or defendants was the sole legal cause of the damage. (Emphasis ours)
280 So.2d at 438.
The effect of our holding on the parties to the instant case is that the Zambito complaint is sufficient to state a cause of action against Southland.[1] While Mr. Zambito's knowledge is a factor to be weighed by the jury against the landowner's alleged negligence, this factor no longer completely bars the Zambitos' cause of action.
For the reasons stated, we reverse the dismissal of the third amended complaint and remand this cause to the trial court for further action not inconsistent with this opinion.
REVERSED and REMANDED.
OTT and RYDER, JJ., concur.
NOTES
[1] We have determined that in any event the instant amended complaint is completely sufficient to state a cause of action on the theory of respondeat superior and undoubtedly presents a jury question as to Mr. Zambito's knowledge of the hazard.