CARLTON, CHARLES T., Associate Judge.
This appeal is brought by appellants Marjorie Nurdin and Kal-Mar Construction, Inc. upon the trial court’s granting of a motion for summary judgment in favor of appellee, Anheuser-Busch, Inc.
Appellant Marjorie Nurdin went to work for an independent contractor, Scientific Industries, Inc., four or five days before her accident. Scientific Industries was an independent contractor of Anheuser-Busch. It *929 had a contract with Anheuser-Busch, Inc. to, among other things, clean the monorail trains. Scientific Industries’ employees worked at Busch Gardens from 8:30 P.M. until 5:00 A.M. and the accident happened around 11:00 P.M.
On the night in question Marjorie Nurdin was assigned by her supervisor to clean a monorail train parked next to a two and one-half foot wide, black metal catwalk that stands five feet off the ground.
Appellant Kal-Mar Construction, Inc. was another independent contractor of An-heuser-Busch, Inc. It provided services that maintained and repaired the monorail trains. In providing these services, Kal-Mar Construction used two hoses which were lying across the catwalk the night of the accident. One hose was a green hose used to clean the monorail engines and the other hose was a black propane gas hose used to fuel the monorails. Scientific Industries had requested in the past that Kal-Mar Construction roll up these hoses at night but they would riot do it. These hoses were found at different places on the catwalk and vicinity on different nights. In addition, there was testimony concerning the lighting conditions. Nurdin testified that the lighting was not adequate that night. The supervisor of Scientific Industries testified that at times the lighting was poor but on the night in question the lighting was good.
While engaged in her duties of cleaning the monorail train, Nurdin tripped and fell off the catwalk. She alleged she tripped over the black propane gas hose lying over the black catwalk and sustained personal injuries.
Considering the record in the case and after hearing arguments of counsel, the trial court entered a summary judgment in favor of appellee, Anheuser-Busch, Inc. This appeal followed.
Summary judgment may be properly granted in negligence cases only where the moving party has successfully met his burden of proving the absence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla.1966); McCabe v. Walt Disney World, 350 So.2d 814 (Fla. 4th DCA 1977). This burden was discussed in Wills v. Sears, Roebuck and Co., 351 So.2d 29 (Fla.1977). In Wills, the supreme court pointed out that a movant’s burden is even more onerous in negligence actions where summary judgment procedures historically have been employed with special care. The court observed that unless a movant can show unequivocally there was no negligence, or that the plaintiff’s negligence was the sole proximate cause of the injury, courts will not be disposed to the granting of a summary judgment in the movant’s favor. This court noted in McKay v. Motley, 343 So.2d 668 (Fla. 2d DCA 1977), that since the adoption of the doctrine of comparative negligence it is less probable that a summary judgment on the issues of liability would be appropriate. The existence of negligence or comparative negligence is ordinarily a question for the jury.
Marjorie Nurdin was an employee of an independent contractor. As such, she had the status of a business visitor or invitee upon the premises of the landowner. Hall v. Holland, 47 So.2d 889 (Fla.1950). This court held in Zambito v. Southland Recreation Enterprises, Inc., 383 So.2d 989 (Fla.2d DCA 1980), that an invitee’s knowledge of a hazard “is a factor to be weighed by the jury against the landowner’s alleged negligence.” 383 So.2d at 991. Under the factual situation of the instant case, the jury empanelled to try the cause should have the opportunity to reach its verdict after being instructed by the trial court on the issues of negligence and a landowner’s duty to the employee of an independent contractor.
Accordingly, we reverse and remand this cause for further proceedings not inconsistent with this opinion.
HOBSON, Acting C. J., and RYDER, J., concur.