PER CURIAM.
Abes, a customer in Publix, tripped over a large cardboard carton containing watermelons, which was placed on a wooden *710 pallet in an aisle of the store. The pallet extended four inches out from the bottom of the carton and had gaps between the boards. Abes testified that she wasn’t looking for the box, she was looking for the potatoes when she tripped and fell. The trial court granted Publix’ motion for summary judgment citing Frederich’s Market v. Knox, 66 So.2d 251 (Fla.1953). Abes appeals and we reverse.
The case upon which the trial court relied was decided in 1953 at a time when contributory negligence was a complete bar to recovery. Florida is now a comparative negligence state and a plaintiff’s contributory negligence does not totally bar recovery but may only limit the amount of recovery. See Winn-Dixie Stores, Inc. v. Miller, 220 So.2d 680 (Fla. 4th DCA1969). We find that under these facts there was a jury question raised as to whether Publix’ use of the wooden pallet constituted comparative negligence and that the trial court erred in granting Publix’ motion for summary judgment.
We REVERSE and REMAND for further consistent proceedings.
HERSEY and WARNER, JJ., and WALDEN, JAMES H., Senior Judge, concur.