752 So.2d 700 (2000)
William T. GREEN, Appellant,
v.
SCHOOL BOARD OF PASCO COUNTY, Appellee.
No. 2D99-1096.
District Court of Appeal of Florida, Second District.
February 18, 2000.
P. Hutchison Brock, III of Schrader, Johnson, Auvil & Brock, P.A., Dade City, for Appellant.
Alexander Hernandez of McClain, Alfonso & Hernandez, P.A., Zephyrhills, for Appellee.
NORTHCUTT, Judge.
We reverse the summary final judgment awarded to the School Board of Pasco County in William Green's suit against it based on premises liability. The School Board's alleged failure to correct or warn of a known dangerous condition was operational *701 negligence, and, therefore, it was not shielded by sovereign immunity. Further, under the circumstances of this case there is a genuine issue of material fact as to whether Green's prior knowledge of the alleged dangerous condition absolved the School Board of its duty to warn of the condition.
While on duty as a Dade City police officer, Green entered the campus of Pasco Middle School late one night to conduct a routine patrol of the premises. As he moved about in the darkness near the school gymnasium, he heard what sounded like gunshots. Green could not identify the source of the shots, so he ran away from the sound as he was trained to do. Running in the dark, Green plummeted off a retaining wall and fell six or eight feet to a parking lot, crushing his ankle.
Green sued the School Board, alleging negligence in its failures to illuminate the area, to erect a guardrail or fence along the retaining wall, and to otherwise warn of the dangerous condition. The School Board sought and obtained a summary judgment on two grounds-first, that its determination whether to install lighting or a guardrail atop the retaining wall was a planning level decision, shielded by sovereign immunity; second, that it had no duty to warn of the condition because Green, a lifelong resident of Dade City who had attended this very school, admitted his prior knowledge of the precipice where he fell. We disagree with both assertions.
Once a government entity builds or takes control of property or an improvement, it has the same common law duty as a private landowner to properly maintain and operate the property. See Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985). Here, Green was an invitee. See § 112.182(a), Fla. Stat. (1997). Thus, the School Board owed him two alternative duties: one, to use ordinary care in keeping the premises in a reasonably safe condition, and, two, to give notice or warning of any latent perils known or which should be known to the owner, but which are not known to the invitee. See Lynch v. Brown, 489 So.2d 65 (Fla. 1st DCA 1986).
Under the circumstances of this case it is certain that if the School Board were a private landowner it would not be entitled to summary judgment on the question of whether its failure to illuminate the area or erect a guardrail violated its obligation to maintain the premises in a safe condition. See, e.g., Sawyer v. Allied Int'l Holdings, Inc., 707 So.2d 761 (Fla. 2d DCA 1998); Winsemann v. Travelodge Corp., 205 So.2d 315 (Fla. 2d DCA 1967); Reed v. Ingham, 125 So.2d 301 (Fla. 2d DCA 1960). But the School Board argues, and the circuit court concluded, that these failures were aspects of planning level decisions for which the School Board enjoys sovereign immunity, as opposed to operational activities for which it could be held liable. See Department of Transp. v. Neilson, 419 So.2d 1071 (Fla.1982); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979).
In City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla.1982), the supreme court addressed a similar contention. In that wrongful death case the plaintiff's decedents had drowned after heavy storm waters washed them down a city storm drain which was unprotected by bars or screens. The circuit court granted the city a summary judgment on the ground that the plan and design of the drainage ditch and pipe were matters of discretional immunity. When approving the reversal of the judgment, the supreme court acknowledged that defects inherent in the overall plan for an improvement, as approved by a government entity, cannot in and of themselves subject the entity to liability. On the other hand, the court held, without substantially interfering with the powers of the coordinate branches of government, courts can require "(1) the necessary warning or correction of a known dangerous condition; (2) the necessary and proper *702 maintenance of existing improvements, as explained in Commercial Carrier v. Indian River, 371 So.2d 1010 (Fla.1979); and (3) the proper construction or installation and design of the improvement plan, as explained in Dept. of Transp. v. Neilson, 419 So.2d 1071 (Fla.1982)." Collom, 419 So.2d at 1086.
Thus, in Collom the court concluded that "the failure to warn [of] or correct a known danger created by government [is] negligence at the operational level." Id. It went on to note that the summary judgment in that case, which focused on whether the city should have constructed the storm drain with protective bars or screens, addressed the wrong issue. Rather, the determinative issue was whether the city had created a known dangerous condition which may not have been readily apparent to one who could be injured because of it, and then failed to warn of or correct the condition. Collom, 419 So.2d at 1087. The summary judgment in this case is faulty in the same way.
Although Green did not couch his suit precisely in those terms, his complaint can be read to fall within the Collom formulation. As such, Green alleged negligence at the operational level. The School Board was not entitled to summary judgment on the basis of sovereign immunity.
Neither was the summary judgment properly granted under the theory that Green's prior knowledge of the retaining wall obviated the School Board's duty to warn. Section 343A of the Restatement (Second) of Torts (1965) provides: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (Emphasis supplied.) See Casby v. Flint, 520 So.2d 281 (Fla.1988) (relying on section 343A to determine the dispositive "duty to warn" issue in a step down case). As the movant for summary judgment, the School Board did not conclusively establish that it should not have anticipated that an invitee who knew of the unprotected ledge nevertheless might fall from it in the darkness. That was a question for the jury. See Lynch, 489 So.2d 65.
We reverse the summary judgment and remand for further proceedings.
THREADGILL, A.C.J., and STRINGER, J., Concur.