774 So.2d 731 (2000)
Phillip A. KNIGHT and Brenda Fae Knight, Appellants,
v.
Robert M. WALTMAN and Hazel C. Waltman, Appellees.
No. 2D99-3855.
District Court of Appeal of Florida, Second District.
October 27, 2000.
*732 Joshua E. Burnett of Gardner, Wilkes, Shaheen & Candelora, Tampa, for Appellants.
Charles W. Hall of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., St. Petersburg; and Charles Tyler Cone of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Appellees.
PARKER, Judge.
Phillip A. Knight and Brenda Fae Knight, plaintiffs in the trial court, challenge the trial court's order granting final summary judgment in favor of the defendants, Robert M. Waltman and Hazel C. Waltman, in this personal injury action. We agree that the trial court properly granted summary judgment on the Knights' claims for negligence and failure to warn; however, we reverse the summary judgment on the Knights' premises liability claim for failure to maintain the premises in a reasonably safe condition and remand for further proceedings.
The evidence before the trial court showed that in November 1994 Mr. Waltman began reroofing his house. Mr. Waltman enlisted the gratuitous assistance of both Mr. Knight and John Heth, Mr. Waltman's son-in-law, with the project. Mr. Waltman had two or three years of experience as a roofer. Mr. Knight had no such experience.
On the first day of work, the three men pulled all of the shingles off the roof. After removing the shingles, they checked the roof for rotten wood. Several rotten areas were discovered, including one on the right front corner of the roof over the eave. While Mr. Waltman took care of other work, Mr. Knight and Mr. Heth cut out the rotten wood, leaving holes in the roof. Mr. Waltman inspected the holes, including the hole in the right front corner of the roof, to determine what type of repair would be necessary. Mr. Waltman then left to purchase wood to repair the holes.
*733 After Mr. Waltman returned, all three men continued to work on the roof until it began to get dark; however, they did not repair the holes in the roof. When they were finished for the day, Mr. Waltman began cleaning up on the ground while Mr. Knight and Mr. Heth covered the holes in the roof with tarpaper. While the hole in the right front corner of the roof was visible from underneath the eave, no one marked the covered holes on the roof, erected barricades around the holes, or took any other steps to warn of the holes. Mr. Waltman was aware that the holes in the roof, including the one at the right front corner, had not been repaired and had been covered only with tarpaper.
The following morning, the men began shingling the back side of the roof. While Mr. Knight was shingling, Mr. Waltman got off the roof and went to the front of the house to get the materials. Mr. Waltman then took the materials to the right front corner of the house and called for Mr. Knight to come and get them. As Mr. Knight walked across the roof to take the materials from Mr. Waltman, his foot went through the tarpaper covering the hole at the right front corner of the roof, causing him to fall and injure his knee.
In his deposition, Mr. Waltman admitted that he should have put something over the holes in the roof and that he was partially at fault for Mr. Knight's injuries. Mr. Waltman also admitted that when he was working as a roofer, his employer would not have allowed a hole in a roof to be left unrepaired overnight because of the danger of an accident such as this.
In their complaint, the Knights alleged that the Waltmans were liable for Mr. Knight's injuries under two theories of premises liability and under a separate negligence theory for "luring" Mr. Knight to the danger. We reject Mr. Knight's claim for "negligent luring" and affirm summary judgment on that count. As to the premises liability theories, we affirm in part and reverse in part.
Under premises liability law, a landowner owes two duties to an invitee:
(1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care.
Pittman v. Volusia County, 380 So.2d 1192, 1193 (Fla. 5th DCA 1980); see also Spadafora v. Carlo, 569 So.2d 1329, 1330 (Fla. 2d DCA 1990); Zambito v. Southland Recreation Enters., Inc., 383 So.2d 989, 990 (Fla. 2d DCA 1980). The Knights argue that the Waltmans breached both duties.
Taking the duty to warn first, an invitee[1] cannot recover from a landowner based on the failure to warn of a danger on the property when the invitee's knowledge of the danger is equal to or superior to the landowner's knowledge. See Ahl v. Stone S.W., Inc., 666 So.2d 922, 923 (Fla. 1st DCA 1995); Miller v. Wallace, 591 So.2d 971, 973 (Fla. 5th DCA 1991). Therefore, in order to prevail on a theory of breach of a duty to warn, the Knights had to establish that Mr. Waltman's knowledge of the danger presented by the covered hole in the roof was superior to Mr. Knight's.
In this case, however, the undisputed evidence shows that Mr. Knight not only knew of the hole in the roof, but in fact created it. Moreover, Mr. Knight is the one who covered the hole with tarpaper, thus concealing it from view. Mr. Waltman was told of the hole only after it was created, and he did nothing to conceal it from view. Therefore, the undisputed evidence shows that Mr. Knight's knowledge of the covered hole was at least equal to, if not superior to, Mr. Waltman's. Thus, Mr. Waltman had no duty to warn Mr. Knight of the danger, and Mr. Knight's claim *734 based on a duty to warn fails as a matter of law.
Mr. Knight argues that a jury could infer that Mr. Waltman had superior knowledge because Mr. Waltman was standing near the hole when he held up the materials and called for Mr. Knight to come and get them. However, Mr. Waltman did not testify that he saw the hole at any time on the day of the accident. He admitted only to seeing the hole from under the eave the day before the accident. Therefore, it would be pure speculation for the jury to find that Mr. Waltman saw the hole on the day of the accident. While Mr. Knight is entitled to reasonable inferences in his favor, he is not entitled to have the jury speculate to create facts not in evidence. Therefore, this argument is insufficient for Mr. Knight's cause of action based on failure to warn to stand, and we affirm the entry of final summary judgment on this basis.
While the trial court properly granted summary judgment on the duty to warn theory, the same cannot be said for the duty to maintain theory. The discharge of the duty to warn does not necessarily discharge the duty to maintain the premises in a reasonably safe condition. See Zambito, 383 So.2d at 990-91; Hancock v. Department of Corrections, 585 So.2d 1068, 1071 (Fla. 1st DCA 1991). If the landowner should anticipate that harm could occur despite the invitee's knowledge of the danger, the landowner may still be liable for injuries that result. See Ahl, 666 So.2d at 923; Pittman, 380 So.2d at 1194-95; see also Restatement (Second) of Torts § 343A (1965). The invitee's knowledge of the danger is not a complete bar to recovery, but rather triggers the application of comparative negligence. See Zambito, 383 So.2d at 991; Ahl, 666 So.2d at 924; Hancock, 585 So.2d at 1071.
This court recently reversed summary judgment in favor of a school board after a security guard fell from an unprotected ledge while on duty at night. See Green v. School Bd. of Pasco County, 752 So.2d 700 (Fla. 2d DCA 2000). The school board argued that the security guard knew that the ledge was unprotected. However, this court held that "the School Board did not conclusively establish that it should not have anticipated that an invitee who knew of the unprotected ledge nevertheless might fall from it in the darkness." Id. at 702. The question of whether the school board should have anticipated harm was one for the jury, and summary judgment was reversed. Id.
In this case, as in Green, questions of fact exist concerning whether Mr. Waltman should have anticipated harm to Mr. Knight from the covered hole in the roof despite Mr. Knight's knowledge of it. Clearly, the existence of the covered hole in the roof created a foreseeable "zone of risk" that posed a general risk of harm to others. Therefore, Mr. Waltman had a legal duty to Mr. Knight to take reasonable steps to prevent harm from this "zone of risk." See McCain v. Florida Power Corp., 593 So.2d 500, 503 (Fla.1992) (noting that when conduct creates a foreseeable "zone of risk," there is a duty to either lessen the risk or see that sufficient precautions are taken to protect others from the harm). The questions of whether Mr. Waltman should have anticipated the harm to Mr. Knight despite Mr. Knight's knowledge of the hole and whether Mr. Waltman took sufficient precautions to prevent harm are questions of fact to be resolved by the jury. Id. at 504. Thus, we conclude that the trial court erred in taking this question from the jury, and we reverse the summary judgment on the Knights' cause of action for failure to maintain the premises.
Affirmed in part; reversed in part and remanded for further proceedings.
THREADGILL, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] There is no dispute that Mr. Knight was an invitee on the Waltmans' property.