785 So.2d 737 (2001)
Marilyn FENSTER, Appellant,
v.
PUBLIX SUPERMARKETS, INC., a Florida corporation, Appellee.
No. 4D00-2145.
District Court of Appeal of Florida, Fourth District.
May 30, 2001.
*738 Gary M. Farmer, Jr. of Gillespie, Goldman, Kronengold & Farmer, P.A., Fort Lauderdale, for appellant.
Wesley L. Catri of Catri, Holton, Kessler & Kessler, P.A., Fort Lauderdale, for appellee.
SHAHOOD, J.
Appellant, Marilyn Fenster, appeals the entry of a final summary judgment granted in favor of appellee, Publix Supermarkets, Inc., in her negligence action against appellee. Because we hold that disputed questions of fact existed, we reverse and remand for a jury trial.
Appellant filed a negligence action against Publix Supermarkets, Inc., for injuries sustained when Fenster tripped over a stock cart or "float" located near the refrigerated case from which she had selected eggs for purchase. In her complaint, Fenster alleged that Publix negligently placed the "float" in her path, allowed the "float" to remain in front of the refrigerated case in such a manner as to cause a dangerous condition, that Publix failed to warn patrons of this dangerous condition, and that she was injured due to Publix's negligence in failing to move the "float" out of her path.
In her deposition, appellant testified that on February 14, 1998, she was shopping at Publix. In need of eggs, appellant approached the dairy case. As she approached the case, she observed a stock clerk stocking eggs from a "float" or cart located next to the refrigerated case. The "float" was an open flat bed on wheels with a handle from which to push it. Appellant stated that some eggs still remained on the cart. She stated that the cart was right in front of the egg display, flush against the case, and that the employee was standing to the left side of the cart unloading the eggs while talking to another employee. Appellant approached the open end of the cart which still had eggs on it, opposite the back end where the handle was located. Appellant asked the stock clerk unloading the eggs to move the cart so she could select eggs for purchase. The stock clerk started to move the cart, and appellant, while facing the dairy case, side-stepped to her left into the space provided. Appellant claimed the clerk only partially moved the cart, leaving her enough room to walk near the case. Appellant then "assumed that he was going to continue to move it. I just went in and assumed that he would move it further." Appellant did not wait until the clerk moved the cart all the way out, she just assumed he would do so. After moving in to select her eggs, appellant no longer continued to observe the clerk. After selecting her eggs, appellant, without looking to her left, and rather than exiting the space in the same manner in which she had entered from her right, turned to her left and fell over the cart.
*739 In its summary judgment motion, appellee claimed that the sole proximate cause of appellant's injuries was her own negligence. Publix claimed that there were no disputed issues of fact and that it had not breached either its duty to maintain the premises in a reasonably safe condition in that no dangerous condition existed or its duty to warn in that there were no concealed perils. Appellee argued that the use of a "float" for stocking grocery items did not constitute a dangerous condition and that appellant's actions in turning the opposite direction and in not looking to see the location of the flat was a disregard for her own safety. Appellant knew the cart was behind her, and thus, since there was no concealed peril, there was no duty to warn.
In opposition to appellee's motion for summary judgment, appellant claimed that unbeknownst to her, the stock clerk did not fully remove the "dangerous condition," thereby causing her to fall and injure herself. She claimed that issues of fact existed as to whether 1) Publix was negligent in not giving her sufficient room to safely approach and walk away from the dairy case; 2) whether Fenster's assumption that the clerk would fully pull the cart away was reasonable; and 3) whether she was negligent in making such an assumption and in failing to look to see if the cart was pulled away completely. We agree.
It is axiomatic that summary judgments should be cautiously granted in negligence cases. See Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). The party moving for summary judgment must show conclusively the absence of any genuine issues of material fact. See id. "If the evidence raises any issues of material fact, if it is conflicting, if it will permit different inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." Id. The trial court must interpret every possible inference in favor of the non-movant. See id.
As held by this court in Little v. Publix Supermarkets, Inc., 234 So.2d 132, 133-34 (Fla. 4th DCA 1970), "[a]n inference is a permissible deduction from the evidence which the jury may reject or accord such probative value as it desires, and it is descriptive of the factual conclusion that a jury may draw from sufficient circumstantial evidence." (citations omitted).
It is well settled that a property owner owes two duties to an invitee, to use reasonable care in maintaining the premises in a reasonably safe condition and to give the invitee warning of concealed perils which are or should be known to the property owner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care. See Knight v. Waltman, 774 So.2d 731, 733 (Fla. 2d DCA 2000). A plaintiff's knowledge of a dangerous condition does not negate a defendant's potential liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment. See Lynch v. Brown, 489 So.2d 65 (Fla. 1st DCA 1986); see also Knight v. Waltman, 774 So.2d 731 (Fla. 2d DCA 2000)(an invitee's knowledge of a danger is not a complete bar to recovery, but rather triggers the application of comparative negligence).
In Abes v. Publix Supermarkets, Inc., 610 So.2d 709 (Fla. 4th DCA 1992), this court held that a summary judgment entered in favor of Publix and against the plaintiff was improper. Appellant was injured when she tripped over a large cardboard carton containing watermelons which had been placed on a wooden pallet and left in an aisle of the store. Appellant *740 testified that she was aware of the carton, but she testified that she wasn't looking for the box, she was looking for potatoes when she tripped and fell. See id. at 710. The Abes Court concluded that under the facts of the case, there was a jury question raised as to whether Publix was negligent in its use of the wooden pallet. Thus, the trial court erred in granting Publix summary judgment. See also Blankenship v. Roths, 634 So.2d 300 (Fla. 1st DCA 1994). Abes presented a comparative negligence situation where the appellant was aware of the carton in the aisle.
Like Abes, in this case, even though appellant was aware that the float existed, and that the pallet was moved so that she could approach the egg case, she assumed that appellee's employee continued moving the pallet away from the egg section. Appellant explained that to her the assumption was reasonable since it would "make sense to move it [pallet] completely to the side so that a customer could get out and not have to walk sideways to get out." Clearly, there remain questions of fact for the jury as to whether Publix breached its duty to maintain the premises in a reasonably safe condition and whether Fenster was comparatively negligent.
Because Publix has failed to meet its burden to prove conclusively the nonexistence of a genuine issue of material fact as to the existence of liability, we must reverse and remand.
REVERSED AND REMANDED.
DELL and GUNTHER, JJ., concur.