861 So.2d 455 (2003)
Marjorie WOLFORD and Frederick Wolford, Appellants,
v.
Ronald Van OSTENBRIDGE and Jackie Van Ostenbridge, Appellees.
No. 2D03-274.
District Court of Appeal of Florida, Second District.
October 3, 2003.
*456 William E. Ruffier of Dellecker Wilson & King, P.A., Orlando, for Appellants.
W. Scott Hamilton and James L. Price of Whitaker & Hamilton, P.A., Bradenton, for Appellees.
DAVIS, Judge.
Marjorie and Frederick Wolford challenge the trial court's summary final judgment entered in favor of Ronald and Jackie Van Ostenbridge in a premises liability action. We reverse because we conclude that a genuine issue of material fact remains.
These proceedings arose when Marjorie Wolford, who was sitting on a swing on the Van Ostenbridges' front porch, was injured when the swing suddenly fell. The Wolfords filed a two-count complaint, alleging in count one that the Van Ostenbridges, as property owners, breached the duty they owed to Marjorie Wolford as an invitee by negligently installing the porch swing that caused her injuries. Count two contained Frederick Wolford's loss of consortium claim.
The Van Ostenbridges filed a motion for summary judgment alleging that there was no proof either that they had failed to maintain their premises in a reasonable manner or that they had notice of the dangerous condition. In opposition, the Wolfords filed the affidavit of a general contractor, who after reviewing Jackie Wolford's deposition and pictures of the swing and the porch area, opined that the swing fell because it had been improperly installed. Specifically, the affidavit concluded that the screws used to hang the swing were too small, that the screws were improperly placed in the beam, and that the swing should have been supported with bolts and nuts rather than screws. In addition to the affidavit, the court also had before it the deposition testimony of the same general contractor.
Based on the record before it, the trial court granted the motion for summary judgment in favor of the property owners. The trial court found that there was no evidence in the record to establish that the swing was negligently installed or that the swing fell due to negligent installation. The Wolfords moved for rehearing, arguing that the court had failed to consider the affidavit and deposition of their expert witness. The trial court denied the motion for rehearing, stating that while it had considered the pleadings, depositions, and affidavits, it gave "no weight" to the affidavit or the testimony of the Wolfords' expert. The Wolfords now challenge the final summary judgment entered pursuant to these rulings.
A property owner owes two duties to an invitee: (1) the duty to use reasonable care in maintaining the property in a reasonably safe condition; and (2) the duty to warn of dangers of which the owner has or should have knowledge and which are unknown to the invitee and cannot be discovered by the invitee through the exercise of reasonable care. Knight v. Waltman, 774 So.2d 731 (Fla. 2d DCA 2000). These are two distinct duties. An owner who creates a dangerous condition already has breached the duty to use reasonable care in maintaining the property in a reasonably safe condition regardless of the owner's knowledge of the dangerousness of the condition. Thus, once it is determined that the owner created the danger, knowledge of that dangerousness *457 is irrelevant. See Riles v. Robinson, 548 So.2d 295 (Fla. 4th DCA 1989) (holding that the owner's knowledge of the dangerousness of the condition is not an issue if the condition was created by the owner); cf. Knight, 774 So.2d 731 (holding that even if the invitee has knowledge of the condition that is equal or superior to the knowledge of the owner, thus relieving the owner of the duty to warn, the owner may still be held liable if it is shown that the owner created the condition).
The Wolfords alleged in the trial court that the Van Ostenbridges created a dangerous condition by negligently installing the swing. In support, they point to the expert's affidavit and deposition, both of which described the installation as negligent. The trial court, however, questioned the reasonableness of this opinion based on the expert's answers to deposition cross-examination. It was improper for the trial court to weigh the expert's testimony; that is a function for the jury as finder of fact. See Bradford v. Bernstein, 510 So.2d 1204 (Fla. 2d DCA 1987). The mere fact that the expert testified that the swing was negligently installed creates genuine issues of material fact and renders summary judgment improper. See Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995). Accordingly, we reverse.
Reversed and remanded for further proceedings.
FULMER, J., and DANAHY, PAUL W., Jr., Senior Judge, Concur.