909 So.2d 588 (2005)
David A. MILLER and Erma Miller, Appellants,
v.
Calvin SLABAUGH and Martha Slabaugh, Appellees.
No. 2D04-3799.
District Court of Appeal of Florida, Second District.
September 2, 2005.
Darol H.M. Carr of Farr, Farr, Emerich, Sifrit, Hackett and Carr, P.A., Punta Gorda, for Appellants.
Angela C. Flowers of Kubicki Draper, Miami, for Appellees.
*589 SILBERMAN, Judge.
David and Erma Miller appeal a final summary judgment entered in favor of Calvin and Martha Slabaugh on the Millers' negligence claims against the Slabaughs. Because the record does not support that the Slabaughs were entitled to summary judgment as a matter of law, we reverse and remand for further proceedings.
The Millers sued the Slabaughs after David Miller fell from a stairway on the Slabaughs' property while assisting them in moving a mattress and box spring set. The Millers alleged that the Slabaughs negligently constructed and maintained the stairway, which abutted a wall on one side and had no railing on the other side, and that David Miller fell and sustained an injury as a result of the Slabaughs' negligence.
The Slabaughs moved for summary judgment, arguing that the undisputed facts established that the absence of the railing from the stairway was an open and obvious condition for which they could not be held liable as a matter of law. The trial court granted the Slabaughs' motion and entered a final judgment in favor of the Slabaughs.
In Zambito v. Southland Recreation Enterprises, Inc., 383 So.2d 989, 990 (Fla. 2d DCA 1980), this court stated the following:
It has long been the rule that a landowner or occupier owes two duties to an invitee on his premises: 1) to use ordinary care in keeping the premises in a reasonably safe condition, and 2) to give timely notice of latent or concealed perils which are known or should be known to the owner, but which are not known to the invitee.
See also Green v. Sch. Bd. of Pasco County, 752 So.2d 700, 701 (Fla. 2d DCA 2000). The Zambito court acknowledged that Florida courts have traditionally followed the rule "that a business invitee's equal or superior knowledge of a hazard discharges the landowner's duty to warn," but the court noted that the comparative negligence doctrine has caused the viability of the "patent danger defense" to be questioned. 383 So.2d at 990. The court held that "any defense based on [the] invitee's negligence is no longer a complete bar to recovery in a negligence action, and the doctrine of comparative negligence applies where this defense is raised." Id. at 991. Instead, the invitee's knowledge is a factor to be weighed by the jury in considering the landowner's alleged negligence. Id.; see also Knight v. Waltman, 774 So.2d 731, 734 (Fla. 2d DCA 2000).
A number of decisions similarly recognize that while the open and obvious nature of a condition may discharge a landowner's duty to warn, it does not discharge the landowner's duty to maintain the premises in a reasonably safe condition "[i]f the landowner should anticipate that harm could occur despite the invitee's knowledge of the danger." Knight, 774 So.2d at 734; see also Green, 752 So.2d at 702; Arauz v. Truesdell, 698 So.2d 872, 874 (Fla. 3d DCA 1997). "A plaintiff's knowledge of a dangerous condition does not negate a defendant's potential liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment." Fenster v. Publix Supermarkets, Inc., 785 So.2d 737, 739 (Fla. 4th DCA 2001).
In order to prevail on their motion for summary judgment based on the alleged open and obvious nature of the missing railing, the Slabaughs would have had to conclusively establish that they should not have anticipated the potential harm to Mr. Miller as a result of the missing railing, notwithstanding his knowledge of the danger. See Knight, 774 So.2d at 734; *590 Green, 752 So.2d at 702. The record does not support such a conclusion and does not demonstrate that there are no genuine issues of material fact or that the Slabaughs are entitled to judgment as a matter of law. See Fla. R. Civ. P. 1.510(c).
Mrs. Slabaugh testified in deposition that she and her husband understood that without a railing, someone could fall off the stairs and get hurt. In addition, Mr. Slabaugh testified that the absence of the railing was a hazard and that it could be anticipated that a person might fall because of the lack of a railing. He stated that his son promised to install a railing and that he had encouraged his son to do so "a dozen times." Mr. Slabaugh acknowledged that he should have put up a temporary railing to prevent falls until his son installed the permanent railing. He further admitted that he designed and built the stairway without a permit, and he did not have the stairway inspected after it was built.
The parties dispute the extent of Mr. Miller's knowledge[1] of the potential danger, and at a minimum, the record does not conclusively demonstrate that the Slabaughs should not have anticipated the potential harm to Mr. Miller as a result of the missing railing.
Accordingly, we reverse the final judgment and the order granting summary judgment and remand for further proceedings.
Reversed and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.
NOTES
[1] The Slabaughs moved to supplement the record on appeal with Mr. Miller's deposition. This court denied the motion to supplement because the deposition had not been made a part of the trial court's record. Thus, we have not considered the contents of the deposition in resolving the issues before us.