959 So.2d 1214 (2007)
Gillian FIELDHOUSE, Appellant,
v.
TAM INVESTMENT COMPANY, a Florida corporation d/b/a Falls of Margate, Appellee.
No. 4D06-3432.
District Court of Appeal of Florida, Fourth District.
June 20, 2007.
*1215 Stewart Valencia and Kenneth E. Cohen of Holman, Cohen & Valencia, Hollywood, for appellant.
James P. Waczewski of Luks, Santaniello, Perez, Petrillo & Gold, Orlando, for appellee.
STEVENSON, C.J.
Gillian Fieldhouse appeals an order entering final summary judgment in her negligence action against Tam Investment Company, the landlord and owner of the apartment complex at which Fieldhouse was a tenant. Fieldhouse contends that summary judgment was inappropriate because Tam Investment Company had a duty to maintain the premises in a reasonably safe condition and a jury question was presented as to whether her injuries were reasonably foreseeable. Because we find the existence of genuine issues of material fact, we reverse the trial court's order granting summary judgment in favor of Tam Investment Company.
On March 9, 2003, Fieldhouse was walking in the common area behind her apartment to get her bicycle when she tripped on a tree root that was hidden by leaves. The complaint alleged the leaves created a dangerous concealed condition and Tam Investment Company breached its duty to Fieldhouse by failing to remove the exposed tree root or warn her of the hazardous and dangerous condition of the premises. When moving for summary judgment Tam Investment Company asserted there were no issues of material fact because the root was a natural condition, Fieldhouse knew of the root's existence before the accident occurred, the company could not have reasonably anticipated that Fieldhouse would be injured, and Fieldhouse's decision to store her bicycle near the tree created the dangerous condition.
The trial court ultimately granted the company's motion. Although the order appealed does not state the court's rationale, the court commented at the motion hearing that liability did not exist because the common area was not used for a special purpose, the root was open and obvious, and the company did not have a duty to warn Fieldhouse or clean the leaves.
We first address the trial court's belief that a duty did not exist because the common area was not used for a particular purpose. In Fenster v. Publix Supermarkets, Inc., 785 So.2d 737 (Fla. 4th DCA 2001), this court set forth a landowner's duty to an invitee:
It is well settled that a property owner owes two duties to an invitee, to use reasonable care in maintaining the premises in a reasonably safe condition and to give the invitee warning of concealed perils which are or should be known to the property owner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care.
Id. at 739. By statute, those duties apply to a property's common areas. See § 83.51(2)(a)3., Fla. Stat. (2003) (stating that, in the absence of an agreement otherwise, a landowner shall "make reasonable provisions for . . . [t]he clean and safe condition of common areas").
Only a few cases in Florida have analyzed a landowner's duty to lessen, or warn of, dangers presented by natural conditions that exist on the landowner's property. However, the Florida Supreme Court has determined that, under the circumstances presented by the facts in a particular case, a landowner may owe a duty of care for dangers posed by natural conditions when an invitee uses the property in a reasonable manner. See Whitt v. Silverman, 788 So.2d 210, 222 (Fla.2001) ("`As to the `natural' condition caused by *1216 the growth of weeds, the supposed rule of non-liability is based upon a notion concerning the right to the unrestricted use of one's land which was founded upon conditions in an overwhelmingly agricultural society and which has therefore long outlived its raison d'etre.'") (quoting Evans v. S. Holding Corp., 391 So.2d 231, 233 (Fla. 3d DCA 1980) (Schwartz, J., dissenting)). Fieldhouse correctly argues that whether it was reasonably foreseeable that she would be injured when walking in the common area of the apartment complex is a question for the trier of fact. See Regency Lake Apartments Assocs., Ltd. v. French, 590 So.2d 970, 973 (Fla. 1st DCA 1991) (holding that a jury question existed concerning whether a landowner could be liable when a tenant was injured by tree roots).
Having determined that the root's natural condition does not preclude Tam Investment Company from being liable for Fieldhouse's injuries, we next consider whether Fieldhouse's prior complaints about the root eliminated any duty Tam Investment Company may have had. As we have previously explained, "although the open and obvious nature of a hazard may discharge a landowner's duty to warn, it does not discharge the duty to maintain the property in a reasonably safe condition." Kersul v. Boca Raton Cmty. Hosp., Inc., 711 So.2d 234, 234 (Fla. 4th DCA 1998). "A plaintiff's knowledge of a dangerous condition . . . simply raises the issue of comparative negligence and precludes summary judgment." Fenster, 785 So.2d at 739. Moreover, "the burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact." Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996). "If the record reflects even the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party." Winston Park, Ltd. v. City of Coconut Creek, 872 So.2d 415, 418 (Fla. 4th DCA 2004). Here, despite her previous complaints about the root, Fieldhouse's testimony that the leaves concealed the root on the day of the injury created a genuine issue of material fact as to whether the danger was open and obvious. This evidence was consequently sufficient to overcome a motion for summary judgment. We therefore reverse and remand for further proceedings.
Reversed and Remanded.
POLEN and TAYLOR, JJ., concur.