976 So.2d 650 (2008)
Tina DiMARCO and Jimmy DiMarco, her husband, Appellants,
v.
COLEE COURT, INC., Appellee.
No. 4D07-2867.
District Court of Appeal of Florida, Fourth District.
March 12, 2008.
*651 Robert Garven, Coral Springs, and Charles Mancuso, Fort Lauderdale, for appellants.
Merryl S. Haber of Fertig and Gramling, Fort Lauderdale, for appellee.
POLEN, J.
Appellants, Tina and Jimmy DiMarco, appeal the trial court's grant of final summary judgment in favor of Appellee, Colee Court, Inc. Tina was a former tenant at Colee who brought a negligence action after she tripped and fell on a paver on the property. Tina alleged the condition of the paver had deteriorated, was "irregularly extended above the adjacent ground level," and that Colee was negligent in allowing a dangerous condition to exist without warning the residents. Colee moved for summary judgment, asserting as a matter of law it had no duty to warn Tina of an open and obvious condition that she was aware of, having lived at the apartment complex for approximately two months prior to the incident. The trial court entered an order granting Colee's motion for final summary judgment, finding the condition was open and obvious, relieving Colee of a duty to warn. We reverse the grant of summary judgment for the trial court's failure to consider whether there were material issues of fact as to Colee's duty to maintain the property.
The standard of review when reviewing the entry of summary judgment is de novo. Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issue, it should be submitted to the jury as a question of fact to be determined by it.
Everett Painting Co. v. Padula & Wadsworth Constr., 856 So.2d 1059, 1061 (Fla. 4th DCA 2003).
A property owner owes two duties to an invitee: (1) the duty to use reasonable care in maintaining the property in a reasonably safe condition; and (2) the duty to warn of dangers of which the owner has or should have knowledge and which are unknown to the invitee and cannot be discovered by the invitee through the exercise of reasonable care.
Wolford v. Ostenbridge, 861 So.2d 455, 456 (Fla. 2d DCA 2003).
In this case, the trial court granted Colee's motion for summary judgment on the basis that the condition of the paver was open and obvious, thereby relieving Colee of the duty to warn. However, the trial court failed to complete its analysis by determining whether Colee had used reasonable care in maintaining the property. A finding that the condition *652 was open and obvious does not discharge Colee's duty to maintain the property in a reasonably safe condition. See Kersul v. Boca Raton Commty. Hosp., Inc., 711 So.2d 234 (Fla. 4th DCA 1998).
We reverse the grant of summary judgment on the basis of the trial court's failure to find that Colee used reasonable care in maintaining the property.
SHAHOOD, C.J., and MAY, J., concur.