SLEET, Judge.
Terry and Barbara Tallent appeal a final summary judgment in favor of Pilot Travel Centers, LLC (Pilot). We affirm, without further discussion, the denial of their motion to amend the complaint to add punitive damages. Because a material issue of fact remained as to whether Pilot and its employees maintained the service station premises in a reasonably safe condition, we reverse on that issue.
In this case, we address the dichotomy between the duty to warn and the duty to maintain the premises in a reasonably safe condition. On January 22, 2007, Terry Tallent slipped and fell on a diesel fuel spill at Pilot’s service station in Punta Gorda, Florida. Tallent filed a complaint alleging that Pilot’s negligent maintenance of the station caused him to fall. In its answer, Pilot asserted that the spill was open and obvious and that Pilot employees complied with its fuel spill cleanup procedures. The trial court found that there were no material issues of fact and granted final summary judgment in favor of Pilot.
We review an order granting summary judgment de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). “Summary judgment is proper only if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.” MarElia v. Yanchuck, Berman, Wadley & Zervos, P.A., 966 So.2d 30, 33 (Fla. 2d DCA 2007). In a slip and fall negligence action, “the burden on the moving party is even more onerous, requiring the trial court to employ special care in granting summary judgment.” Hervey v. Alfonso, 650 So.2d 644, 646 (Fla. 2d DCA 1995). Summary judgment is improper “[ujnless a defendant can establish unequivocally the absence of negligence, or that the plaintiffs negligence was the sole proximate cause of the injury.” Id.
Tallent was a business invitee; therefore, Pilot owed him two duties: “(1) the duty to use reasonable care in maintaining the property in a reasonably safe condition; and (2) the duty to warn of dangers of which the owner has or should have knowledge and which are unknown to the invitee and cannot be discovered by the invitee through the exercise of reasonable care.” Wolford v. Ostenbridge, 861 So.2d 455, 456 (Fla. 2d DCA 2003). Tallent was a veteran truck driver, and he immediately noticed the spill on arriving at the station. *618 He conceded that he had notice of the spill because he saw the trash cans blocking the aisles as he pulled up and he walked through the spill as he approached the Pilot store. It is clear from the record on appeal that Pilot had no duty to warn Tallent because he had knowledge of the existence of the spill. See Emmons v. Baptist Hosp., 478 So.2d 440, 442 (Fla. 1st DCA 1985) (“A prerequisite to the imposition upon the landowner of a duty to warn is that the defendant’s knowledge of the danger must be superior to that of the business invitee.”).
That Tallent was aware of the spill and that it was open and obvious does not end our analysis. See Miller v. Slabaugh, 909 So.2d 588, 589 (Fla. 2d DCA 2005) (“A plaintiffs knowledge of a dangerous condition does not negate a defendant’s potential liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment.” (quoting Fenster v. Publix Supermarkets, Inc., 785 So.2d 737, 739 (Fla. 4th DCA 2001))); Knight v. Wattman, 774 So.2d 731, 734 (Fla. 2d DCA 2000) (“The discharge of the duty to warn does not necessarily discharge the duty to maintain the premises in a reasonably safe condition.”). Pilot still had a duty to maintain the premises in a reasonably safe condition if it anticipated the potential harm to Tallent as a result of the spill. See Miller, 909 So.2d at 589.
Based on the record before us, we cannot say that no material issue of fact remains as to whether Pilot maintained the premises in a reasonably safe condition. Pilot relied on the testimony of its head maintenance person to prove that it followed company cleanup procedures on the day that Tallent fell. However, the maintenance person testified that he had no personal recollection of that day and could only provide testimony as to his usual and customary procedure for cleaning fuel spills. The size and extent of the spill was in dispute, but there was testimony from a Pilot employee that the spill was more than twenty gallons and that it spread at least forty feet from its origin at the gas pump lane. The maintenance person testified that after blocking the aisle with trash cans, he would have used kitty litter, booms, or pads to contain such a large spill. But, he also claimed that he had never encountered a spill as large as twenty gallons. He testified that the largest spill he had ever personally cleaned was two to three gallons. After reviewing Pilot’s accident scene photographs, he could not confirm that he placed the cans out or performed any cleaning procedures that day.
Tallent testified that he saw no barriers or indicia of cleaning materials in the area of the spill other than the trash cans used to block the aisles. Pilot’s photographs of the scene appear to support Tallent’s testimony and belie Pilot’s claim that no issues of material fact remain. There was evidence that the uncontained spill spread past the fuel pumps and into the path of customers and other vehicles. Hence, the record does not conclusively demonstrate that Pilot should not have anticipated the potential harm to Tallent as a result of the spreading diesel fuel. Whether or not Pilot’s employees followed its clean up procedures on the date of Tallent’s fall is a disputed issue of fact.
Because there remains a material issue of fact as to whether Pilot maintained the premises in a reasonably safe condition, the order granting summary judgment against the plaintiff is reversed, and the case is remanded to the trial court for the determination of Pilot’s alleged negligence by a jury.
*619 Affirmed in part; reversed in part; remanded.
SILBERMAN and LaROSE, JJ„ Concur.